The City of Logansport *v.* Crockett.

---

## THE CITY OF LOGANSPORT *v.* CROCKETT.

CITY.—*Common Council.—Resolution Removing City Attorney.—Record of Yeas and Nays.*—On the adoption of a resolution by the common council of a city, removing the city attorney, the yeas and nays thereon must, under section 78 of the act "for the incorporation of cities," etc., 1 R. S. 1876, p. 309, be taken and entered of record.

SAME.—*Resolution Fixing City Attorney's Salary.*—The yeas and nays must, in like manner, be taken and entered of record on the adoption of a resolution by the common council, fixing the salary of the city attorney.

SAME.—*Parol Evidence of Yeas and Nays Incompetent.*—Parol evidence is inadmissible to prove the yeas and nays on the adoption of a resolution by the common council of a city, removing the city attorney; the record, or a duly authenticated copy thereof, being the only competent evidence of such fact.

SAME.—*Omission of Yeas and Nays by City Clerk.— Nunc Pro Tunc Entry.*—Where the city clerk has failed to keep the record of the yeas and nays upon the adoption of a resolution by the common council, the proper remedy is for the common council to cause a *nunc pro tunc* entry of the yeas and nays to be made.

From the Cass Circuit Court.

*D. C. Justice,* for appellant.

*F. S. Crockett,* for appellee.

PERKINS, J.—This was an action by the appellee, Crockett, against the appellant, for salary as city attorney.

The complaint was in two paragraphs, and charged that the plaintiff was elected city attorney of the city of Logansport, on the 1st day of June, 1872, to serve for one year; that he qualified by taking the required oath and filing his bond, which was approved; that the common council fixed

his salary at five hundred dollars per year; and that he had performed all the duties of the office, and had made demand, etc. The complaint contains, as exhibits, the action of the common council in electing the plaintiff and fixing his salary.

The defendant answered in three paragraphs:

1. The general denial;

2. Payment; and,

3. That, on the 16th day of January, 1873, the city council of Logansport removed said appellee from the office of city attorney, for the reason that his services as such were no longer required by the city.

Reply in denial; and, in an affirmative paragraph, averring that the proceedings of the council, by which they assumed that the appellee was removed, were illegal and void.

Trial by the court; finding for the plaintiff; motion for a new trial; overruled; and judgment on the finding.

The errors assigned are:

1. The complaint did not state a cause of action;

2. The first paragraph of complaint did not state a cause of action;

3. The second paragraph of complaint did not state a cause of action;

4. The court erred in overruling the motion for a new trial;

5. In overruling the demurrer to the first paragraph of complaint; and,

6. In overruling the demurrer to the second paragraph of the reply.

We proceed to consider the assignments of error:

The complaint was sufficient. *Green* v. *The City of Indianapolis*, 22 Ind. 192; *The City of Huntington* v. *Pease*, 56 Ind. 305.

The causes assigned for a new trial were the following:

1. Error of law occurring at the trial, in this, to wit, refusing to allow the defendant to prove, by parol, that the common council adopted the first resolution set out in the defendant's answer, by a vote of five members in the affirmative and four in the negative, and that, by mistake of the clerk, a record of the vote was not made. An exception was reserved.

2. Excessive damages; and,

3. Finding contrary to law, and unsustained by the evidence.

The error of law, above mentioned as occurring at the trial, is thus stated in the bill of exceptions:

"Upon the trial of the cause, the defendant introduced in evidence the following record of the common council:

"'COUNCIL CHAMBER, CITY OF LOGANSPORT,
"'Thursday Evening, Jan. 16th, 1876.

"'Adjourned session, Mayor Hall presiding. Members present, Messrs. Randall, Dykeman, Wilson, Gorman, Grusenmeyer, Justice, Crampton, Thompson and Leonard.

"'The minutes of the last two meetings were read and approved.

"'Mr. Dykeman offered the following:

"'"WHEREAS, it has been necessary for the city to employ other counsel, otherwise than the regularly appointed city attorney, to attend to important litigation in which the city is engaged, thus incurring quite an additional expense; therefore, to curtail expenses in this department, be it

"'"*Resolved*, That the services of Frank Crockett, lately appointed city attorney, be in the future dispensed with, and his pay cease as such from this date."

"'Carried.'

"And the city then offered to prove, by a witness present and sworn, Mr. Dykeman, that, of the nine members present,

at the meeting, five of them, to wit, Randall, Dykeman, Wilson, Gorman and Grusenmeyer, voted *aye* upon the resolution, and but four members voted *no;* and the mayor declared it carried, but the court, upon objection made, refused to hear the proof."

The act of 1867, for the incorporation of cities, contains this section :

"Sec. 78.  All by-laws and ordinances shall, within a reasonable time after their passage, be recorded in a book kept for that purpose, and shall be signed by the presiding officer of the city, and attested by the clerk.  On the passage or adoption of any by-laws, ordinances, or resolutions, the ayes and nays shall be taken and entered on the record."  1 R. S. 1876, p. 309.

We consider the grounds alleged for a new trial.

It is decided, in *The City of Madison* v. *Korbly*, 32 Ind. 74, that, under the 8th section of the act for the incorporation of cities, *supra*, the common council may remove from office a city attorney, by a vote of a mere majority, while, if the removal be made on charges preferred under section 88 of said act, it must be by a two-thirds vote. Perhaps such removal might be on motion, without a resolution.  But, in the case at bar, the removal was attempted by resolution, so that, if section 78 of the act for the incorporation of cities, above quoted is mandatory, not directory simply, it was necessary that the ayes and nays should be taken and entered of record on its adoption.

The decisions of courts are not uniform as to the character of such provisions in city charters, but the later, and as we think the better, doctrine is, that they are mandatory.  In *Morrison* v. *City of Lawrence*, 98 Mass. 219, it appeared that power was conferred upon the city to appropriate money to celebrate a holiday, by a " vote of two-thirds of the members of each branch of the city council present and voting by yea and nay vote."

In the opinion of the court by BIGELOW, C. J., it is said: " There was no competent evidence at the trial of this case that the city of Lawrence had duly exercised any authority under this statute for the celebration of the Fourth of July, when the plaintiff was injured; or that any one was duly empowered to purchase fireworks in behalf of the city to be used in such celebration. The only competent evidence of any such authority is to be found in the record of the proceedings of the city council kept according to the provisions of law. By the act establishing the city of Lawrence, * * it is expressly provided that each board composing the city council shall keep a record of its own proceedings, and that a city clerk shall be chosen who shall be the clerk of the board of aldermen. Parol evidence was inadmissible to prove any acts or proceedings of the city council, or that the record of such proceedings as kept by the clerk was erroneous or defective. *Mayhew* v. *District of Gay Head,* 13 Allen, 129, 134, and cases cited. There was therefore no legal evidence whatever offered by the plaintiff that the defendants had purchased any fireworks, or had authorized any person to use them."

In *Steckert* v. *The City of East Saginaw,* 22 Mich. 104, it was decided that the charter of East Saginaw, which required that the vote of a city council, in certain cases, should be entered at large in their minutes, was designed to accomplish an important public purpose; it could not be regarded as immaterial, nor its observance be dispensed with. That the record of a vote that it " was adopted unanimously on call," the names of those voting *no* otherwise appearing than by the statement of those present at the opening of the session, was not a compliance with the statute; that neither the spirit nor the purpose of the act could be satisfied without entries on the minutes, showing who voted on each resolution embraced within the terms of the act, and how

the vote of each was cast; in other words, the ayes and noes on each resolution must be entered at large on the minutes. See *The City of Delphi* v. *Evans*, 36 Ind. 90 ; *Musselman* v. *Manly*, 42 Ind. 462.

In *Langsdale* v. *Bonton*, 12 Ind. 467, it is said, that, " Where it is not in conflict with some provision of the charter, the acts of the directors of a corporation, if not recorded, may be proved by parol. Redf. on Railw. 21 ; *Ross* v. *The City of Madison*, 1 Ind. 281 ; Angell & Ames Corp. 270. " 1 Dillon Munic. Corp. 352.

In Indiana we have no corporations by prescription. Formerly, they were created by, or erected under, special charters. Now, our constitution provides, that " Corporations other than banking shall not be created by special act, but may be formed under general laws." Art. 11, sec. 13, 1 R. S. 1876, p. 42. And their powers are given by statute. 1 R. S. 1876, p. 370, sec. 2. And the manner of exercising them may be prescribed thereby ; and, just so far as the statute does thus prescribe, it must be observed.

Our present act for the incorporation of cities does prescribe the manner, at least to a given extent, of passing resolutions, etc. See the section above quoted. And it was not observed in the passage of the resolution in question in this case. The statute requiring votes to be taken by ayes and noes, and a record to be made of the proceedings of the council, is mandatory.

The court did not err in rejecting parol evidence of them. Proceedings of public bodies, required to be recorded, must, as a general rule, be proved by the record. Our statute, 2 R. S. 1876, p. 150, sec. 284, enacts, that,—

" The acts and proceedings of corporations may be proved by a sworn copy of the record of such acts and proceedings ; the oath shall be made by the person having the legal custody of such records and shall state that such

transcript is a true and full copy of the original, and that such original has remained unaltered from its date, to the best of deponent's knowledge and belief. Such sworn copies shall be received as evidence in all cases in which the original would be evidence."

In *Green* v. *The City of Indianapolis*, 25 Ind. 490, it was decided, touching the above provisions of the statute, that it " was not intended to make such copy the only legal evidence of such acts. The original record is the best evidence, and is always admissible in evidence." *Vawter* v. *Franklin College*, 53 Ind. 88.

But, in the case at bar, the clerk had omitted to record, and, of course, there was no record to be given in evidence or to be copied. But this state of facts did not necessitate a failure of justice or a resort to parol proof. The common law pointed out the proper remedy; and perhaps it is not yet too late for the city to avail herself of it. A *nunc pro tunc* entry of the omitted proceedings might have been, perhaps may yet be, made. See the numerous cases collected in 1 Dillon Munic. Corp., chap. 11, sec. 231, *et seq.* *McCormick* v. *Bay City*, 23 Mich. 457, is cited by the counsel for the city, but the charter of the city, in question in that case, did not require votes to be taken by yeas and nays.

The second reason assigned in the motion for a new trial was excessive damages.

We think this assignment was valid, and that, upon it, a new trial should have been granted. There was no proof of the value of the services for which the judgment was recovered. The copy of what was claimed to be a resolution of the council, fixing the salary of the city attorney, was given in evidence, but it was not followed by record evidence tending to show that it was legally adopted. Without such proof, the resolution was but waste paper. It tends to prove nothing. The case of *Morrison* v. *The City*

of Lawrence, supra, is directly in point. We proceed no further.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

Petition for a rehearing overruled at May Term, 1879.