State ex rel. Sullivan *v.* Longdon.

---

STATE EX REL. JAMES SULLIVAN *vs.* WILLIAM H. LONGDON.

First Judicial District, Hartford, January Term, 1897.   ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Under the provisions of the charter of the city of Putnam (Special Acts of
.1895, p. 256), an appointment by the common council of a captain of
police, is not reviewable by and subject to the veto of the mayor.

[Argued January 5th—decided February 23d, 1897.]

INFORMATION in the nature of *quo warranto* to determine the legality of the respondent's appointment as captain of police of the city of Putnam, brought to the Superior Court in Windham County and tried to the court, *Robinson, J.,* upon the respondent's motion to quash the information; the court granted the motion and rendered judgment for the respondent, and the relator appealed for alleged errors in the rulings of the court.  *No error.*

The case is sufficiently stated in the opinion.

*William C. Case* and *William S. Case,* for the appellant (relator).

*Edward D. Robbins* and *John F. Carpenter*, for the appellee (respondent).

FENN, J.   The sole question in this case is whether the Superior Court erred in holding that under the charter of the city of Putnam, Special Acts of 1895, p. 256, an appointment by the common council of a captain of police, is not reviewable by, and subject to, the veto of the mayor.

The establishment and maintenance of the Putnam police department is provided for by the charter, in § 29, as follows: "There shall be maintained by said city of Putnam a police department for the preservation of public peace and good order within the territorial limits of said city and of the jurisdiction of the city court of said city.   The force of said police department shall consist of a captain and such number of patrolmen as the common council shall from time to time deem to be necessary, and by ordinances, by-laws, or orders, shall prescribe and provide for.   The members of said force shall be appointed by the common council, who shall fix the salary, wages, or compensation of whatsoever kind, which they shall receive for services on said force, which shall be in lieu of all other fees and compensation."

It is provided in § 18, that "every vote, resolution, order, or ordinance, except such as relate to the organization of the common council, to its own officers or employés or to the declaration of a vacancy in the office of mayor, passed by said common council, shall be transmitted to the mayor, who shall either approve it within six days, in which case it shall become operative and effectual, or disapprove it, in which latter case he shall return it to said body at or before its next regular meeting with a statement of his objection, in writing, and after such statement has been read in said common council said common council shall proceed to reconsider its former vote on said measure.   If, after such reconsideration, the common council shall again pass it by a vote of not less than six of all its members, said vote being determined by yeas and nays, it shall become operative and effectual without the approval of the mayor, otherwise it shall be of no effect.

If the mayor shall refuse or neglect to signify his approval or disapproval of said measure so transmitted to him within six days after its reception, said measure shall become operative and effectual as though approved by him."

Section 21 of the charter prescribes: "All elections and appointments to office, or to any position within the appointing power of the common council, which includes all elections and appointments not conferred by this charter on the electors of said city and on the mayor, shall be made by a majority of ballots cast in the common council, the mayor having a vote only in case of a tie. The officers to be appointed in accordance with this section are the city clerk, the chief engineer of the fire department, two assistant engineers of the fire department, a health officer, and a superintendent of streets, sidewalks, and sewers, all of whom shall receive such compensation for their services as may be fixed and prescribed by the common council."

It is the claim of the appellant that § 21, above quoted, names in detail the officers subject to its provisions, and that of police captain is not mentioned. It is urged, therefore, that this part of the charter should be dismissed from consideration. But it is claimed that, however this may be, the broad language used in § 18, also above quoted, disposes of the matter. It is said, and truly, that if the action in question is outside the operation of this section, it must be for one of two reasons: (1) It either comes within one of the classes of votes, etc., specifically excepted by the language of the section; or (2) it is not a vote, etc.

We adopt the appellant's claim in reference to § 21, as correct. But considering § 29 in connection with § 18, we think the appointment of the common council of members of the police force (an "executive act"—*State ex rel. Coogan* v. *Barbour*, 53 Conn. 76, 85) not a "vote, resolution, order, or ordinance passed (a seemingly legislative act) by said common council," within the meaning of § 18.

The entire language of § 29 appears to us to be in support of this conclusion. The "vote, resolution, order, or ordinance," is called a "measure" which is to be transmitted to

the mayor, approved or disapproved.    If disapproved, the
council may reconsider—what ?    Not its vote, but its " vote
on said measure."    They may " again pass it " by " yeas and
nays," and so throughout.    Although, as stated, we adopt the
appellant's claim in reference to § 21, yet it seems probable
that the draftsman intended in that section to provide for
all appointments to any position within the appointing power
of the common council, and believed, but erroneously, that he
had done so.    There are difficulties in the way of construc-
tion, such as suggest those sometimes encountered in efforts
to discover the meaning of testators who use peculiar, inapt,
and inconsistent expressions in their wills.    Fortunately in
this case, as in such cases, precedents do not largely fetter,
nor will the present decision be likely to form a precedent
to affect the interpretation of identical provisions in any
future charter.

There is no error.

In this opinion the other judges concurred.