# Huey, Mayor, &c. *v.* Jones.

### *Petition for Mandamus.*

1. *Municipal ordinances; when no conflict.*—Where the governing
   body of a municipality has adopted a city code and in one
   of the sections it is provided that the officers of the city shall
   be, among others, a "marshal, * * * and such number of
   policemen as the council may determine," and by another sec-
   tion it is provided "that there shall be a captain of the police
   officers who shall rank next to the marshal," and his
   duties are prescribed, there is no conflict or incongruity be-
   tween these two provisions.
2. *Same; when ordinance providing for the election of officer un-
   necessary.*—Where the governing body of a municipality has
   adopted a code which contains provisions for the election of
   a captain of the police, the enactment by the council of said
   city of an additional ordinance providing for the election of
   a captain of the police, is not necessary, in order to authorize
   the election of such officer.
4. *Duty of mayor to administer oath to officer; mandamus.*—Where,
   under the charter and ordinances of a municipality, it is
   made the duty of the mayor to administer the oath of office
   to each of the officers of said city that are elected by the
   council of said city or appointed by the mayor, if, upon the
   election of a person to one of the offices provided for by the
   ordinances of said city, the mayor refuses to administer the
   oath of office to such person upon being requested so to do, he
   can be compelled thereto by *mandamus.*
4. *Municipal corporation; power of mayor to veto resolution elect-
   ing officers.*—Where the charter of a city government does not
   authorize the exercise of the veto power by the mayor in the
   election of officers, the mayor of said city can not veto a reso-

lution passed by the board of aldermen of said city, wherein a person was elected to an office of said city, as provided for by its charter and ordinances.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

The proceedings in this case were had upon a petition filed by the appellee, George W. Jones, addressed to the judge of the city court of Birmingham, in which the following facts were averred: Under the act "to establish a new charter for the city of Bessemer, Alabama," approved December 13, 1900, the board of mayor and aldermen of the city of Bessemer were authorized to elect or appoint such officers as they should deem necessary for the good of the city government. The board of mayor and aldermen unanimously adopted a code of city ordinances, providing, among other things, for the election by the city council of a captain of police. Sections 82 and 273 of said city are set forth in the opinion. Those persons who constituted the mayor and aldermen for the city of Bessemer at the time of the filing of the petition in this case were duly elected on September 14, 1903, in accordance with the new charter of said city, and they qualified and proceeded to discharge the duties of the offices to which they were respectively elected. At this election, T. T. Huey, who is named as respondent in the petition, was elected as mayor of said city. It was provided in said code that the mayor should administer the oath of office to each of the officers of the city elected by the council or appointed by him. On the 6th day of October, 1903, the board of mayor and aldermen of the city of Bessemer, at a meeting duly and regularly held, adopted a resolution which was in words and figures as follows: "Resolved, that we elect a captain of the police force to serve at night, next in rank to chief of police and to serve under the chief of police. Salary to be allowed seventy-five dollars ($75.00) per month, to date from date." One of the sections of the city code provided that there should be a captain of police for the city of Bessemer and prescribed his duties. After the passage of the said resolution by the board of mayor and aldermen, at their meeting on October 6, 1903, the peti-

tioner, George W. Jones, was duly elected captain of police by a resolution passed by the board of mayor and aldermen. The petitioner is duly qualified to hold the position to which he is elected, and within five days after his election, he presented himself to T. T. Huey as mayor of the city of Bessemer and offered to take the oath of office as required by the city code, and requested the said Huey, as said mayor, to administer the oath to him. Said Huey, as mayor, refused to administer the oath.

The prayer of the petition was that a rule *nisi* issue to said T. T. Huey, as mayor of the city of Bessemer, making him a party to the suit and requiring him to appear and show cause, if any he has, why he refused and still refuses to administer the oath of office to the petitioner, and that upon the coming in of said answer, a writ of *mandamus* be issued to said Huey commanding him to administer the oath of office to the petitioner.

Upon the filing of the petition the rule *nisi* was issued in accordance with the prayer thereof. The respondent Huey demurred to the petition upon the following grounds: "First. That section 82 of the city code as therein set out, is in conflict with section 273 of the city code as therein set out. Second. That the petition does not show any right of petitioner to be sworn in as captain of police in this, that said petition does not show any legal authority of said board of mayor and aldermen to elect a captain of police. Third. Because the respondent could not, under the laws and ordinances of said city, be required to administer the oath of office after the expiration of the five days prescribed by the laws and ordinances as set out in said peition. Fourth. Because that it does not appear that the exercise of the right under the charter of the city to appoint or elect a captain of police has ever been formally enacted by the council of said city duly organized. Fifth. Because the resolution alleged to have been adopted by the city council on October 6, 1903, does not show an election of petitioner as therein averred. Sixth. Because that it does not appear that the resolution alleged to have been adopted on October 6, 1903, was formally enacted by the city council duly organized. Seventh. Because the peti-

tioner seeks to try the title to the office of captain of police by *mandamus*. Eigth. Because the petition seeks to determine the existence of an office by *mandamus*." This demurrer was overruled. The respondent then filed his answer, in which he averred that although ac the meeting of the board of mayor and aldermen of the city of Bessemer, on October 6, 1903, the petitioner was duly elected captain of the police force of the city of Bessemer, the resolution which was adopted by said board at said meeting, providing for the election of the captain of police, and which is copied in the petition, was, on October 10, 1903, returned by the respondent to the city clerk, with the mayor's veto attached thereto, and that said resolution has never been passed over the mayor's veto; and, that, therefore, there was no such office to which the petitioner could be elected. The fourth paragraph of the respondent's answer was in words and figures as follows: "Fourth. Respondent further answering said petition says that at the time of the election of the said George W. Jones as aforesaid, and at the time he presented himself to your respondent to be sworn into office, the said George W. Jones was duly elected policeman of the city of Bessemer, Alabama, holding the office of policeman and performing the duties of same, and has continued to hold the said office, his election as aforesaid to the contrary notwithstanding, which office is inconsistent with the office of captain of police, and your respondent further shows that on October 20, 1903, the said board of mayor and aldermen recognized the said Geoge W. Jones only as policeman, and passed the following resolution: 'Resolved, that Officer Jones be rated on the pay roll as a three-year man,' which action your respondent says rescinded and rendered null and void their former action and election of the said George W. Jones as aforesaid."

The petitioner demurred to the respondent's answer, upon the following grounds: 1. There are no facts averred in respondent's answer showing any excuse on the part of respondent, for refusing to administer the oath of office to petitioner. 2. The mayor has no veto power over the resolution set out in the petition. 3.

The mayor's veto is expressly limited by section 20 of the charter of the city of Bessemer, (Acts of the Legislature, approved December 13, 1900), to ordinances and laws of a public nature and not to be exercised against a resolution of the kind averred in the petition. 4. The resolution of the council averred by petitioner is only an expression of a corporate duty of the council and not a subject of veto by the mayor, under section 20 of the charter for the city of Bessemer. 5. The averments clearly show that said resolution of the council set out or embraced in the said fourth paragraph only rated his pay or salary while serving as policeman prior to his election as averred in the petition. 6. The facts embraced in the said fourth paragraph clearly show that the council regulated petitioner's salary as a policeman and for the time he served as such and for that reason the fourth paragraph is not an answer to the petition.

Petitioner's demurrer to the respondent's answer was sustained, and the respondent declining to plead further, judgment was rendered granting the relief prayed for in the petition, and directed that *mandamus* be issued in accordance with the prayer of the petition. From this judgment the respondent appeals, and assigns the rendition thereof as error.

W. F. PORTER, for appellant.

PINKNEY SCOTT, *contra,* cited *Woodruff v. Stewart,* 63 Ala. 206; *Sprowl v. Lawrence,* 33 Ala. 674; *State ex rel Ely,* 43 Ala. 568; *Fox v. McDonald,* 101 Ala. 56; *Cates v. Martin,* 48 L. R. A. 613.

DOWDELL, J.—There is no conflict between sections 82 and 273 of the city code of Bessemer as set out in the petition for *mandamus.* The two sections are entirely consistent. Both sections are found in the same code or body of laws for the city.

Section 82 provides: "That the officers of the city, in addition to the mayor and aldermen, shall until changed by the council, be as follows: a solicitor, clerk, treasurer, engineer, tax collector, physician and health

officer, marshal, market superintendent and warden; and such number of policemen as the council may determine," etc.   Section 273 which was adopted at the same time and as part of the same code of laws provides that, "There shall be a captain of the police force who shall rank next to the marshal.   He shall under the marshal have command of the whole night force, and shall be responsible for the general order of the same.   In the absence of the marshal he shall have the power to perform all the duties of that office, and shall also perform such other duty as may be imposed upon him by the council." There is no incongruity between the two provisions, and the latter might well be read into the former.

The provisions of the city code set out in the petition show the authority for the election of a captain of the police, and the enactment by the council of any additional ordinance for the purpose was not required.   The petition avers that the petitioner was duly elected, and that within five days after his said election, as required by the city ordinance, he presented himself to the mayor for the purpose of taking the oath of office, which the mayor declined and refused to administer.   The foregoing statement fully answers the assignments of the demurrer to the petition from one to six, inclusive.   The seventh and eighth assignments challenge the petition as an attempt to try the right of office by *mandamus*. There is no merit in the suggestion.   The petition is simply and plainly for a *mandamus* to compel the mayor to perform the ministerial duty under the city code of administering the oath of office to one who has been duly elected.   The trial court properly overruled the demurrer to the petition.

The answer of the respondent admits the election of the petitioner as averred in the petition, but seeks to avoid the same by averring that the mayor vetoed the resolution of the board of aldermen by which the petitioner was elected, and that said resolution with the mayor's veto was never afterwards acted upon.   The petitioner avers and the answer does not deny, that by an act of the legislature approved December 13th, 1900, to establish a new charter for the city of Bessemer, it is

[Huey, Mayor, etc. v. Jones.]

provided that the board of mayor and aldermen may elect or appoint such officers as they may see fit for the good government of the city, etc., and that by section 19 of said act it is provided that the mayor shall have no right to cast any vote except in cases of a tie. The veto power of the mayor under the charter is not applicable in the election of officers.

We have been unable to discover any provision in the act of December 13, 1900, establishing a new charter for the city of Bessemer, which authorizes the exercise by the mayor of the veto power in the appointment or election of a captain of the police force; nor has any such authority been pointed out to us in the code of laws of the city adopted under its said charter. It is of no consequence that the petitioner was elected by the adoption of a resolution, which was voted upon by the members of the board of mayor and aldermen. This, at most, was but a form or mode of appointment or election.

The action of the board of mayor and aldermen of February 2nd, 1892, had under section 211 of the city code, as set out in the respondent's answer to the petition is insufficient as an answer and constitutes no defense to the petition, nor does the matter set up in the fourth paragraph of the answer constitute any defense to the petition.

The trial court having sustained the petitioner's demurrer to the answer, the respondent declined to plead further, whereupon judgment was rendered awarding a peremptory writ of *mandamus*. We find no error in the ruling of the court on the demurrers, nor in the final judgment rendered, and it, therefore, follows that the judgment appealed from must be affirmed.

Affirmed.