# WAGNER v. THE STATE OF INDIANA, EX REL. WALKER.

[No. 21,416. Filed March 11, 1910.]

1. MUNICIPAL CORPORATIONS.—*Council.*—*Correction of Record.*—A city council has the right to correct its records so as to make them speak the truth. p. 606.

2. OFFICERS.—*Offices.*—*Rights in.*—The right to hold a public office is not a property right, but is subject to the protection of the law. pp. 606, 609.

3. MUNICIPAL CORPORATIONS.—*Legislative Matters.*—*Veto Powers.* —*Statutes.* — *Vacancies.* — *Councilmen.* — *Election of.* — Under §8652 Burns 1908, Acts 1905, p. 219, §50, providing that it shall be the duty of the clerk of the city council "to enter ayes and noes on the passage of every ordinance and resolution," it is not necessary to enter such vote on a "resolution" electing a councilman to fill a vacancy, such "resolution" being ministerial and not being the subject of a veto. *City of Logansport* v. *Crockett,* 64 Ind. 319, distinguished. pp. 606, 608.

4. ELECTIONS.—*Vacancies.*—*Councilmen.*—*Correcting Records.*—A city council which has elected a councilman to fill a vacancy and has made a record thereof, cannot after the lapse of a year and after the rights of the appointee have been fixed, correct such record so as virtually to set aside such election. pp. 607, 610.

From Decatur Circuit Court; *Marshall Hacker,* Judge.

Action by The State of Indiana, on the relation of Harry H. Walker, against William H. Wagner. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Carter & Morrison,* for appellant.

*John Walker, U. E. Tindall* and *Hord & Adams,* for appellee.

MYERS, J.—This is a second appeal (*State, ex rel.,* v. *Wagner* (1907), 170 Ind. 144). Upon the return of the cause to the Shelby Circuit Court, appellant filed an answer in general denial, also an answer alleging that at the time the relator was elected councilman for the fourth ward of the city of Shelbyville, Indiana, to wit, on February 18, 1907, the members of the council of said city at said time did not

vote by ayes and noes.  There was a reply in general denial, a trial, finding and judgment for relator.

Relator claims an appointment to the office of councilman, as successor to one Wilson, resigned, by the action of the common council on February 18, 1907.  The petition for a rehearing in the former case was overruled February 28, 1908.  The original resolution for the election of relator, as entered upon the council record, shows the aye and nay vote to have been taken and entered of record, and the record signed by the mayor, and attested by the clerk on February 18, 1907.  On March 16, 1908, one of the councilmen, reciting in a written motion that the minutes of February 18, 1907, erroneously show that the ayes and noes were taken on the motion, when in truth and in fact the ayes and noes were not taken, asked that the record be corrected by striking from that portion of the minutes which refers to the vote the words "by the following vote: ayes, Rinehart, Comstock, Thompson—3; noes, Showers, Bass—2," leaving the record to read: "The resolution was passed."  On this motion two members voted aye, and two no.  Appellant was present, but was excused from voting.  The vote was a tie, and the mayor voted aye, and declared the motion to correct the record adopted.  When the offer of this evidence was made, appellee objected to its introduction, upon the grounds that it is no defense that the ayes and noes were not taken, and that the offered evidence was immaterial, and for the reasons that the statute did not require the ayes and noes to be taken upon the appointment of a council-man to fill a vacancy, that relator, having been appointed at a special meeting called for the purpose, as required by the statute, and the council having performed its duty and adjourned, it was not within its power, at a subsequent meeting to correct the record of the special meeting.  The motion does not attempt to change the record so as to show that relator was not in fact appointed, but only that the ayes and noes were not taken.  The evidence was admitted, but

the cause determined against appellant, and this appeal is based upon the theory that as the amended record shows that the resolution for the appointment of relator was in writing, and that the ayes and noes were not taken, it is shown that relator was not appointed, as the statute requires.

The error assigned is upon the motion for a new trial, in which it is assigned that the decision is contrary to law, and not sustained by sufficient evidence. Appellant's claim is, that as the resolution for the appointment was in writing, and as the clerk is required to "enter the ayes and noes on the passage of every ordinance and resolution," it necessarily follows "that in passing every ordinance or resolution the council must vote by ayes and noes."

It is conceded by appellant that if it was not necessary that the ayes and noes should have been taken on the adoption of the resolution by which it was sought to elect relator, the judgment should be affirmed. The sole question determined on the former appeal was as to the veto power of the mayor, the proposition being then urged by appellant here was, that, as the method of appointment was by resolution, that method invoked the veto power of the mayor. It was held adversely to the appellant, on the grounds that the election might have been by motion and *viva voce* vote, or by ballot, and that the veto power extends to such acts only of the common council as usually take the form of resolution or ordinance with respect to acts which have the force of laws. The question arose upon demurrer to a complaint alleging generally the adoption of a resolution by a majority of the members appointing relator to the office.

The question for determination here, arises upon the question of the power of the common council after the expiration of over one year after the record of a special meeting, showing a resolution adopted by the ayes and noes, and so recorded on the record, signed by the mayor, and attested by the clerk, and whether the record can be corrected by another vote which was a tie, and decided by the vote of

the mayor, so as to correct the record and leave it as follows:
"The resolution was passed."

It is not an open question that the record of a common
council may be corrected to speak the truth. *Everett*
1.    v. *Deal* (1897), 148 Ind. 90; *City of New Albany* v.
*Endres* (1896), 143 Ind. 192; *City of Logansport* v.
*Crockett* (1878), 64 Ind. 319.

What the effect may be upon the rights of others, acquired
upon the faith of a record before changed, need not be con-
sidered, for the right to a public office is not a prop-
2.    erty right, though it is a substantial right recognized
by law, but so far as the right itself is concerned it
depends upon the fact whether one has or has not been
elected or appointed to it, in the manner required by the
law, and that is the question here presented.

The claim of appellant is made under §8652 Burns 1908,
Acts 1905, p. 219, §50, defining the duties of the city clerk
as follows: "It shall be his duty, as such clerk of
3.    the council, to keep the files and papers thereof, to
make and keep an accurate minute and journal of the
proceedings, to enter ayes and noes on the passage of every
ordinance and resolution, and on all other votes whenever
requested by two members," etc. It is conceded that appel-
lee might have been appointed in some other manner than
by resolution, but that having adopted that method, it could
only be effective by the taking of the ayes and noes, and
that, by virtue of the statutes requiring the clerk to enter
the ayes and noes on the passage of every ordinance and
resolution, it necessarily follows that in passing every ordi-
nance or resolution the council must vote by ayes and noes.

If the letter of the statute were to be followed, it would
seem that in the use of the words "ordinance and resolu-
tion" in the statute, there was a recognized distinction, and
that "resolution," with its well-recognized attributes and
distinction from "ordinance," was intentionally used, as
also requiring the ayes and noes to be taken and recorded

on their enactment, and if it were a case of first interpretation the writer would be strongly inclined so to view it, though there may be no good reason for it, aside from the letter of the statute itself, but the weight of authority is against that interpretation. On the former appeal this court held, notwithstanding a like explicit wording in section fifty-two of said act (§8654 Burns 1908), that, where the language is "ordinances, orders or resolutions," the veto power did not extend to a formal resolution appointing a councilman to fill a vacancy, for the reason that it was the exercise of authority expressly delegated to the legislative branch of municipal government, though not a legislative act, without direction as to the manner of its exercise, and not such an act as is required to take the form an ordinance or resolution usually takes, and is not the subject of the veto power of the mayor. The real distinction is the one between legislative action, in which the veto power exists, and merely administrative or ministerial action, in which it does not—which is the distinction drawn on the former appeal, and is the established rule. *Erwin* v. *Mayor, etc.* (1897), 60 N. J. L. 141, 37 Atl. 732, 64 Am. St. 584.

Therefore, if the act of selecting a councilman was not a legislative act, as is held in the former appeal, it would necessarily follow that the form of appointment 4. was immaterial. The provision for the filling of vacancies by councilmen practically provides for a special election, which was held, the record reciting that the resolution was passed appointing appellee. Unless forced so to hold, it might be fraught with the gravest consequences, if, a year later, the elimination of part of the record upon which the rights of others might depend could be made so as to destroy or materially impair those rights. If the matter be viewed from the standpoint of public interest, the evil would be as great in one case as in the other. The same reasoning applies as in case of elections generally, where the elective authority, having once canvassed and de-

clared a result, cannot be permitted to meet again and declare a different result.

Similar statutes in other states, notwithstanding the broad and general language with respect to taking the ayes and noes on "ordinances, resolutions, orders, vote," and

3.    the like, have been uniformly held not to apply to such acts as appointments to office. *State, ex rel.*, v. *Longdon* (1897), 68 Conn. 519, 37 Atl. 383; *City of Green Bay* v. *Brauns* (1880), 50 Wis. 204, 6 N. W. 503; *Rich* v. *McLaurin* (1903), 83 Miss. 95, 35 South. 337; *Huey* v. *Jones* (1903), 140 Ala. 479, 37 South. 193; *Boehme* v. *City of Monroe* (1895), 106 Mich. 401, 64 N. W. 204; *Cate* v. *Martin* (1899), 70 N. H. 135, 46 Atl. 54, 48 L. R. A. 613.

The record in the case at bar shows the adoption of the resolution, its spreading of record, its signature by the mayor, and attestation by the clerk. As it was not such an act as was required to be in the form of a resolution, and that the ayes and noes be taken, or spread of record, it necessarily shows the appointment of relator, and his title to the office. To give the statute the full force of its letter would require the ayes and noes to be taken and spread of record upon the most ordinary action, if presented in the form of a resolution—such as a motion to adjourn if it were in the form of a resolution. We must look to the reason, spirit and intent of a statute, as much as to its letter.

Stress is here laid upon the case of *City of Logansport* v. *Crockett, supra,* and some cases following that case, as declaring the rule that on the passage of an ordinance or resolution the ayes and noes must be taken. The statute before us is somewhat different, in that its language, in defining the duties of the city clerk, among other things, requires him to "keep an accurate minute and journal of the proceedings, to enter the ayes and noes on the passage of every ordinance and resolution, and on all other votes whenever requested by two members," etc. These provisions were

manifestly for the purpose of having the record disclose, and place responsibility on the members for their votes. A mere vote on some immaterial matter is a very different thing, both in intent and effect, from a matter which may affect property rights, as in case of public improvements or the expenditure of money, when those who deal with the municipality are entitled to have an affirmative record of the action taken. But coming back to the case of the *City of Logansport* v. *Crockett, supra,* it appears to us that there is a marked distinction between an appointment to an office and a removal from office. In the one case the vote, in whatever form it takes, is a vote for or against the person; in the latter case it is neither, but a vote upon a substantive proposition for removal or non-removal. So it was held in that case that the vote may take any form to express the councilmanic will. This is conceded by appellant. *State, ex rel.,* v. *Wagner* (1908), 170 Ind. 144; *City of Madison* v. *Korbly* (1869), 32 Ind. 74.

The right to an office for a term for which one has been elected or appointed is a substantive right. Except in those instances of necessarily centralized power, authorizing removals arbitrarily in the public interest, the policy of our law is to fix the term, save upon hearing and for cause. As was said in the case of *People, ex rel.,* v. *Treasurer, etc.* (1877), 36 Mich. 416: "Our state system favors appointments for fixed periods, and almost entirely rejects the policy of removals at will."

For the reasons stated, more formal action ought to be required in case of removals from office than in case of elections, and it may well be, as is held in the case of *City of Logansport* v. *Crockett, supra,* that it should be formally done, and responsibility fixed by taking the ayes and noes. *State, ex rel.,* v. *Curry* (1893), 134 Ind. 133.

These features distinguish the case at bar from the case of *City of Logansport* v. *Crockett, supra.* The hold-

ing on the former appeal, that the veto power of the 4. mayor did not exist as to proceedings of the character before us, necessarily leads to the conclusion that the action need not be taken by formal resolution, and the fact that it was, is immaterial. Or, put in another form, that the mere fact that the action of a common council, irrespective of its nature, is embodied in the form of a resolution, does not invest it with such character as that it must be acted upon by taking the ayes and noes, for if this be so, no matter how immaterial or unimportant the matter may be, the same necessity would be always present, without reason for it, in fact, which could scarcely have been the object of the legislature.

The judgment is affirmed.