No. 14,100.

## BYER *v.* THE TOWN OF NEW CASTLE ET AL.

MUNICIPAL CORPORATION.—*Town.*—*Opening of Street.*—*Commissioners' Report.*—*Acceptance of by Trustees.*—*Parol Evidence.*—Where the record of the board of trustees shows that a proper petition praying for the opening of a street was filed ; that commissioners were duly appointed to assess benefits and damages, and that the commissioners made and filed their report with the town clerk, but fails to show that the board accepted the report within twenty days, or that any further action was taken by that body in opening the street, it is incompetent to prove by parol that the board of trustees accepted the report within the time prescribed, and that it determined to make the appropriation of the land therein described.

SAME.—*Act of Municipal Body.*—*Competent Evidence of.*—The only competent evidence of any act or proceeding of a municipal body upon which the members of the corporate board are required to vote, is the record of the proceedings.

From the Henry Circuit Court.

*C. S. Hernly* and *S. H. Brown,* for appellant.

*J. H. Mellett,* for appellees.

MITCHELL, J.—Byer instituted this proceeding for the purpose of enjoining the town of New Castle from opening a new street over certain real estate owned by him. It is conceded that the record of the board of trustees shows that a proper petition praying for the opening of the street was filed ; that commissioners were duly appointed to assess benefits and damages, and that the commissioners made and filed their report with the town clerk as required by the statute. The record, however, failed to show that the board accepted the report within twenty days, or that any further action was taken by that body in respect to opening the street. The court permitted the town to prove, by parol, that the board of trustees accepted the report within the time prescribed, and that it determined to make the appropriation of the land therein described. The propriety of this ruling is called in question. It is undoubtedly true, where one has

been induced to perform work, or expend money, on the faith of the proceedings of a board of trustees, or common council, that the municipality may be estopped, after receiving the benefit of the work, to say that the evidence of the proceedings was not properly preserved. In cases of that character it is always competent, in the absence of a record, to show by parol that the work was duly authorized by contract, or resolution, or that the money was expended in pursuance of proceedings actually taken, but not entered upon the records of the corporation. *City of Logansport* v. *Dykeman,* 116 Ind. 15, and cases cited. The right of third persons, who acted in good faith in reliance upon the proceedings of a corporate board, can not be prejudiced by the default, or neglect, of the officers of the corporation who fail to keep a proper record of its acts, or proceedings. *City of Troy* v. *A. & N. R. R. Co.,* 13 Kan. 70. In like manner, where a third person has actually received the benefit or consideration which resulted from the proceedings of a board of trustees, he may be estopped to deny the regularity of the proceedings, while retaining the consideration, on the ground that they were not properly entered of record.

Where, however, an attempt is made to appropriate the property of an individual, the record of the board of trustees must be made to show that the steps necessary to accomplish the appropriation were taken, unless the owner of the land has in some way estopped himself from denying the fact of appropriation. *City of Aurora* v. *Fox,* 78 Ind. 1.

It would be going too far to hold that a municipal corporation might prove by parol that the essential steps required to be taken, by the body representing the municipality, in proceedings to appropriate real estate had been taken, although the records of the corporation indicated nothing upon the subject. Whether the board might cause its record to be corrected, is quite a different question, with the decision of which we are not now concerned. *Chamberlain* v. *City of Evansville,* 77 Ind. 542.

The statute in which provision is made for the opening of new streets requires the board of trustees either to accept or reject the report of the commissioners appointed to assess benefits and damages, within twenty days from the time it is filed with the city clerk. If the board determines, by a vote of a majority of the members, to appropriate the real estate described in the report, other duties are imposed upon it by the statute, and an appeal is allowed by any owner of land feeling himself aggrieved by the report. Sections 3370, 3371, 3372, R. S. 1881.

Section 3324, R. S. 1881, requires the town clerk to attend all meetings, and record the proceedings of the board of trustees. The only competent evidence of any act or proceeding of a municipal body upon which the members of the corporate board are required to vote, is the record of the proceedings. *City of Logansport* v. *Crockett*, 64 Ind. 319.

We can not adopt the view that many of the most important steps in a proceeding to appropriate real estate for a public street may be proved by parol, without any effort to correct the record of the board, or to account for the absence of its proceedings from the record. The appropriation is required to be made, or determined upon, by a vote of a majority of the members of the board ; and the fact that a majority voted and made the appropriation can not be proved by parol without, in some way, accounting for the absence of the proper record evidence. *City of Delphi* v. *Evans*, 36 Ind. 90.

So far as appears, this is a naked attempt to prove an appropriation of real estate by parol. This can not be done without in some way bringing into requisition the doctrine of estoppel.

The judgment is reversed, with costs.

Filed May 26, 1890.