The State, *ex rel.* Renner, *v.* Curry.

Filed March 9, 1893.

———————◆———————

No. 16,167.

THE STATE, EX REL. RENNER, *v.* CURRY.

MUNICIPAL CORPORATION.—*City.*—*Common Council.*—*City Attorney.*—*When Duly Appointed.*—*Mandamus.*—*Evidence.*—In an action against the mayor of a city to compel him to issue an order to the relator for services rendered as city attorney, the plaintiff objected, without avail, to the admission in evidence of a resolution passed by the common council subsequent to the bringing of the action. The admission in evidence of such resolution, though erroneous, was harmless, for the reason that the relator must fail in his action, because he had never been duly elected city attorney, the common council having no power to appoint another city attorney as long as the office is filled.

PLEADING.—*Answer.*—*Can not be Questioned First on Appeal.*—The sufficiency of an answer can not be questioned for the first time in the appellate tribunal.

From the Morgan Circuit Court.

*W. R. Harrison* and *C. G. Renner*, for appellant.
*J. H. Jordan* and *O. Matthews*, for appellee.

OLDS, J.—This is a proceeding in mandamus to compel the appellee, as mayor of the city of Martinsville, to issue an order to the appellant's relator for the sum of $18 allowed by the common council of said city as services rendered by the relator as city attorney.

The complaint alleges that the relator is the duly elected city attorney for said city, and is qualified and acting as such, and that the common council allowed him the above named sum for his services, and the appellee, the mayor of said city, refused, on demand, to issue the order therefor, and asks that he be compelled to issue the order.

The appellee answered in three paragraphs. The first paragraph is a general denial. A reply was filed to the other two.

There was a trial, resulting in a finding and judgment for the defendant. Appellant filed a motion for a new trial, which was overruled and an exception reserved.

Errors are assigned on the rulings of the court in overruling demurrers to the second and third paragraphs of answer, and in overruling the motion for new trial, and that the said second and third paragraphs of answer do not state facts sufficient to constitute a defense.

The record does not show the presenting and overruling of demurrers to the second and third paragraphs of answer. This fact is conceded by counsel for appellant, but it is sought to question the sufficiency of the answer for the first time in this court by an assignment of error that said paragraphs of answer do not state facts sufficient to constitute a defense to relator's petition. That the sufficiency of an answer can not be first questioned in this court is now well settled. *Chicago, etc., R. R. Co.* v. *Modesitt*, 124 Ind. 212. See, also, Elliott's App. Proced., sections 476, 480 and 481, where the question is fully discussed and authorities collected. This leaves

The State, *ex rel.* Renner, *v.* Curry.

for our consideration only the questions presented by the motion for a new trial.

After this suit was commenced, at a meeting of the common council of the city, they passed a resolution reciting the following facts:

"That the relator claimed to be the city attorney, and that he also claimed that James H. Jordan, who was elected city attorney of said city, June 1, 1888, was removed; that the circuit court of said Morgan county had held that said Jordan was not removed; that it created confusion; that it be and was declared that said Jordan was the only legal attorney for said city;" which resolution was offered by the appellee and admitted in evidence over the objections and exceptions of the appellant, and it is further contended that the finding is not supported by the evidence, and is contrary to law. Conceding, without deciding, that it was error to admit in evidence the resolution adopted by the common council after the commencement of this suit, we will consider the question as to whether or not it was harmful, and such an error as entitles the appellant to a reversal of the judgment.

The statute, section 3043, R. S. 1881, creates the office of city attorney, if the common council deem it expedient, and provides for his appointment by the common council. Section 3078 prescribes his duty, and section 3095 provides for his taking an oath and giving a bond. The city attorney is appointed in the same manner as the street commissioners and the civil engineer, and he becomes an officer of the city on his being appointed and qualifying by taking the oath and giving bond as prescribed by the statute. The statute contemplates and makes provision for only one city attorney, and provides that he, like the street commissioner and civil engineer,

shall hold his office for two years, subject to removal by the common council at their pleasure. Section 3043, *supra*.

It is evident that after a city attorney has been elected, and he has qualified, he holds his office for two years, unless he be removed, and until he is removed or dies or resigns, there is no vacancy which can be filled by the common council. In other words, while a regularly appointed and qualified city attorney continues in office, the common council have no power whatever to appoint another, for no such power is given to them by the statute. The council may remove at their pleasure, and if they exercise this power legally, the office becomes vacant, and they may then appoint an officer to fill the office, but until they do exercise the power to remove, and in fact remove the legal officer, he occupies the office, and there is no power in the city council to appoint another.

It is conceded on the part of the appellant, and if it were not conceded the record so shows, and the case was prosecuted and proceeded upon the theory, that James H. Jordan was duly appointed city attorney on the first day of June, 1888, and that he duly qualified and acted as such, but it is contended that on July 19, 1889, the common council removed him and appointed the relator city attorney, and the evidence shows that from that time forward there was a dispute as to who was the city attorney, Jordan continuing to act and claiming to be city attorney, and the relator acting when called upon. It appears from the vote on the resolution hereinbefore referred to that the council was composed of ten members, five favoring the relator and five favoring Jordan, and that the mayor favored Jordan, so that when one of either faction was absent from a meeting the other had a majority to pass resolutions or allow claims for services.

In *Byer* v. *Town of New Castle*, 124 Ind. 86, it is held

that "the only competent evidence of any act or proceeding of a municipal body, upon which the members of the corporate body are required to vote, is the record of the proceedings." It would seem that this doctrine would apply in full force in such a case as the one at bar, where the action of the common council involved the election or removal of an officer. By section 3068 it is made the duty of the city clerk to attend all meetings and make record of all proceedings of the common council. The statute clearly contemplates the making of a record. The public have an interest in knowing who are the legally elected or appointed officers of the city.

At the meeting of July 19th, 1889, there was a record made, and it was put in evidence in this case, and is the only record or evidence of any character relating to the question of removal of Jordan or the appointment of the relator as city attorney.

The record of this meeting shows seven members of the common council present, naming them, and then the record is as follows:

"Journal of last meeting read and approved. The following resolution was introduced, and read, to wit: 'Be it resolved by the common council of the city of Martinsville, Indiana, that J. H. Jordan be discharged from further services as city attorney, and that said office be and the same is hereby declared vacant.' A motion was made by Councilman Miller that the vote upon the above resolution be by ballot; those in favor of declaring the office of city attorney vacant voting 'yes;' those opposed voting 'no.' The roll was called, resulting as follows: Yeas. Duncan, Mabee, Miller and Schnaieter—4. Nays. McCracken, Maxwell and Prewitt—3. Motion carried."

Then the record shows that the council proceeded to ballot for a city attorney, several ballots being taken without a choice; finally the relator received four of the seven

votes. The record stating the last ballot and adjournment is as follows:

"On fourth ballot W. S. Shirley received 1 vote; C. G. Renner received 4 votes, and Jas. H. Jordan 2 votes. By agreement of the council the matter was postponed until the next regular meeting. Council adjourned."

Afterwards the relator filed his bond, which was approved by the signatures of four members of the council, and he took the oath.

The record of the meeting held July 19th, 1889, does not show that any vote was ever taken on the resolution to remove Jordan and declare a vacancy. The resolution was introduced, and at that point in the proceedings Councilman Miller made a motion that the vote upon the resolution be by ballot, and a vote was taken upon the motion of Miller, and it carried, and then all action relating to. resolution or removal ceased. No vote was ever taken by ballot or otherwise on the resolution, nor was any other action taken in relation to the removal of Jordan; hence Jordan was not removed, and no vacancy was created or declared in the office of city attorney, and all action taken toward electing another or approving his bond, or recognizing him as the city attorney by some member of the council, or other persons, was a nullity, and amounted to nothing.

Furthermore, the record does not show an election of the relator. It affirmatively appears that immediately after the fourth ballot was taken the matter of election was by agreement postponed, and no election was ever declared; but, on the contrary, was by agreement postponed, and never taken up afterwards.

The action is to compel the issuing to him of an order as city attorney, and in payment of his salary or compensation for his services as such. The record is conclusive against the appellant, and in no phase of the case

was he entitled to recover, and the introduction of the record showing the adoption of the resolution after the commencement of this suit, though erroneous, was harmless.

The finding and judgment of the court was proper under the facts in the case, and there is no error in the record.

Judgment affirmed.

Filed March 8, 1893.