No. 1,332.

NEW ALBANY GAS LIGHT AND COKE COMPANY v. CRUMBO.

ESTOPPEL.—*Street Improvement.*—*Land-Owner.*—Unless the proceedings under which a street improvement is being made are totally void, a property-owner who stands by, and, without objection, receives the benefit of the work, is estopped thereafter to question the legality of the proceedings.

VERDICT.—*Sufficiency of Evidence.*—That the evidence is sufficient to sustain the verdict, see opinion.

From the Floyd Circuit Court.

*A. Dowling*, for appellant.

*J. V. Kelso* and *C. D. Kelso*, for appellee.

GAVIN, J.—This was a suit by appellee, a contractor, to collect an assessment for a sewer constructed under the Barrett law of 1889. Elliott's Supp., sections 812–822.

The case was tried on the complaint and general denial.

The insufficiency of the evidence to sustain the finding of the court is presented as cause for reversal.

Counsel insist that the proceedings are absolutely void because none of the resolutions upon which they are based were properly passed in accordance with our statute, which requires that "on the passage * * of any by-law, ordinance, or resolution, the yeas and nays shall be taken, and entered on the record." R. S. 1881, section 3099; R. S. 1894, section 3534.

It has been adjudged that this and similar statutes are mandatory and not directory. *City of Logansport* v. *Crockett*, 64 Ind. 319; *Coffin* v. *City of Portland*, 43 Fed. Rep. 411; *Steckert* v. *City of East Saginaw*, 22 Mich. 104; *O'Neil* v. *Tyler* (N. D.), 53 N. W. Rep. 434.

As to the resolution directing the construction of the work, we are of opinion that a substantial compliance is shown. This resolution and the order for advertisement for bids, "the yeas and nays being taken under the regular rule, were unanimously adopted by a full vote of the council."

This can only mean that upon a regular call, every member of the council was present and voted for the resolutions.

There is no room left for doubt as to who voted for it. Every purpose therefore that could be intended by this statute is here accomplished.

In the present case it is undisputed that the council had general jurisdiction over the subject-matter, and notice was given as required by the statute.

In *Ross* v. *Stackhouse*, 114 Ind. 200, MITCHELL, C. J., says: "Regardless of the statute, however, it must be considered as settled by the decisions, and upon established principles, that where it appears, in a proceeding of this character, that an attempt was made to give notice, and that some notice was given, which the body charged with the duty of acting adjudged to be sufficient, a party whose property is to be benefited by the improvement can not quietly stand by and receive the benefit and then question the regularity of the proceedings. Unless the proceedings are so radically defective as to be totally void, a contractor, who has executed the work, may invoke the doctrine of estoppel for his protection. Where the record of the proceedings shows color of jurisdiction, the property owner, until

the contrary appears, will be presumed to have notice of the progress of an improvement from which his property was being benefited—*Taber* v. *Ferguson*, 109 Ind. 227, and having notice, and failing to object, and arrest the improvement, until the benefit has accrued, he will be deemed to have ratified the proceedings as fully as does one who receives the proceeds of a judgment or sale, with knowledge of inherent infirmities, which render it voidable or even void. *Fletcher* v. *McGill*, 110 Ind. 395–404.''

With the law as thus laid down, the objections made by reason of the irregularity in entering the vote on some of the resolutions can not avail.

The Supreme Court, in *Balfe* v. *Lammers*, 109 Ind. 347, indicated, although they do not expressly decide, that they did not regard the failure of the record to disclose an aye and no vote as making the ordinance absolutely void.

The counsel having, upon the trial, expressly waived all questions as to the advertisement for bids for the work, such question can not be now presented.

Objection is made to the engineer's estimate, upon the ground that it does not contain all the various data enumerated in section 817, Elliott's Supp.; section 4293, R. S. 1894.

This is not necessary. Most of these items apply plainly to street improvements, and not to sewer improvements.

The estimate in this case contains a statement of the total cost of the improvement and a description of lots benefited, together with the owners, names and the proportion of the cost of the sewer which should be assessed against each lot. The estimate included the matters required by the first and seventh subdivisions of the sec-

tion, and these are all that can be regarded as essential in case of sewer construction.

Counsel, in their argument, seem to disregard the latter portion of the estimate, because the engineer makes it in the form of an assessment. We do not think this can be done. No particular form is required to be followed if the substantial facts are given.

This estimate was approved and adopted by the city council, and thus became the assessment. The direction to the city clerk to prepare an assessment accordingly can not be regarded as an attempted delegation of their authority to him. *Van Sickle* v. *Belknap*, 129 Ind. 558.

Under the decisions in our State, which have been liberal in sustaining proceedings of this character, where only the enforcement of a lien was involved, and where the owner had made no objection until after the work had been completed, we are. unable to find any irregularities which justify a reversal. *Barber, etc., Co.* v. *Edgerton,* 125 Ind. 455; *Jackson* v. *Smith,* 120 Ind. 520; *Ross* v. *Stackhouse, supra; Dugger* v. *Hicks,* 37 N. E. Rep. 284; *Montgomery* v. *Wasem,* 116 Ind. 343; *Reeves* v. *Grottendick,* 131 Ind. 107.

Judgment affirmed.

Filed June 22, 1894.