## WILLARD ET AL. v. ALBERTSON ET AL.

[No. 2,720.   Filed May 24, 1899.   Rehearing denied Oct. 27, 1899.]

PLEADING.—*Mistake.*—*Words and Phrases.*—In an action by a contractor to foreclose a street improvement assessment, an allegation in a reply that plaintiff "did not enter into the contract" is corrected by the pleading itself, which avers that he began the improvement on á certain day according to his said contract.  *pp. 162, 163.*

STREET IMPROVEMENTS.—*Foreclosure of Assessments.*—*Pleading.*—*Estoppel.*—A reply by a contractor in an action to foreclose an assessment for street improvements, alleging that all of the proceedings were had by the common council, and all notices given as set out in the complaint, that he performed the work under the direction of the city civil engineer ; that he employed a large number of men and expended a large sum of money in making the improvements, and that defendant resided in the city and street in which the improvements were made, and saw the work going on and made no objection, states facts sufficient to constitute an estoppel, although the reply referred to certain exhibits as being filed with the answer which were not filed.  *pp. 162, 163.*

APPEAL AND ERROR.—*Record.*—A specification of error based upon the action of the court in overruling a motion for a new trial presents no question, where the motion is not in the record.  *p. 163.*

From the Lawrence Circuit Court.   *Affirmed.*

*John D. Alexander, James H. Willard, R. W. McBride* and *C. S. Denny,* for appellants.

*T. J. Brooks, W. F. Brooks, B. K. Elliott* and *W. F. Elliott,* for appellees.

COMSTOCK, J.—In this cause there are several specifications of error not assigned and not passed upon in *Lewis* v. *Albertson, ante,* 147.

The first discussed is the overruling of the demurrer to the second paragraph of reply.   This paragraph was pleaded as an estoppel.   The reply avers that plaintiff did not enter into the contract for the street improvement, but in view of the whole pleading, which avers that he began the improve-

ment on the ——day of April, 1895, according to his said contract, the error in the use of the word "not" is so obvious that it corrects itself.   Appellants claim that the paragraph is bad because it is a reply to the fifth paragraph of answer and refers to Exhibits C and D as being filed with that paragraph of answer, when, in fact, no such exhibits were filed.   Said paragraph sets out facts sufficient to constitute an estoppel without the erroneous reference to the exhibits. It avers that all the proceedings had been had by the common council and all notices given as set out in the complaint; that he performed the work under the direction of the city civil engineer of said city; that he employed a large number of men, teams, and tools; that he completed the same, and that it was accepted by the city civil engineer and the common council; that he expended $20,000 in said work; that the defendants resided in the city of Bedford, on said street, in plain view of the improvements, and saw the work going on; had full knowledge of the same, and made no objection to said work nor the order of the common council, the beginning of the same, nor its prosecution; that plaintiff took the contract in good faith and completed the work, relying upon the legality of the same, and knowing of no objection of said parties, following the direction of the city civil engineer according to the specifications.   These averments were sufficient.   Elliott on Roads and Streets, pp. 419, 420, 421, 422, 423, 386, 387, 388.   Watson on Liens, §1233; *Ross v. Stackhouse*, 114 Ind. 200; *Clements v. Lee*, 114 Ind. 397; *Prezinger v. Harness*, 114 Ind. 491; *New Albany Gas, etc., Co. v. Crumbo*, 10 Ind. App. 360; *Depuy v. City of Wabash*, 133 Ind. 336; *Cluggish v. Koons*, 15 Ind. App. 599; *Western Paving, etc., Co. v. Citizens St. R. Co.*, 128 Ind. 525, 10 L. R. A. 770.

The eighth specification of error is the overruling of appellants' motion for a new trial.   This motion does not appear in the record.   The other questions discussed are decided in *Lewis v. Albertson*, ante, 147, and upon the authority of that decision the judgment is affirmed.

PER CURIAM.—It having been suggested that Mrs. Kate N. Willard, one of the appellants, has died since the submission of this cause, it is ordered that the judgment rendered herein be as of the term when the submission was made.

[No. 2,785.    Filed May 24, 1899.    Rehearing denied Oct.' 27, 1899.]