(38 South. 522.)

No. 15,459.

LAUVE et al. v. WILSON.

(April 24, 1905.)

PUBLIC LANDS—SCHOOL SECTIONS—VENDOR AND PURCHASER—SUBSEQUENTLY ACQUIRED TITLE—EVIDENCE—PRESUMPTIONS.

1. Fractional sections in fractional townships did not pass to the state under the general grant by Congress of sixteenth sections for school purposes, and the sale of such a section by a parish treasurer, professing to sell school land under the authority of Act No. 250, p. 213, of 1853, which authorized the sale of school land alone, conveyed no title.

2. The presumption that an officer has done his duty cannot sustain his action where the mandatory requirements of the law concerning the record of such action are disregarded. And in any event, such presumption merely furnishes a species of evidence which may be rebutted.

3. The rule that a title subsequently acquired by the vendor inures to the benefit of the vendee, to whom the property has previously been sold, has no application where the subsequent title is acquired in a different representative capacity from that in which the prior title was held and conveyed.

(Syllabus by the Court.)

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Edward Blount Talbot, Judge.

Action by Mrs. Charles O. Lauve and others against Adolph Wilson. From a judgment for defendant, plaintiffs appeal. Affirmed.

Alexander Hébert, for appellants. Jacob Haight Morrison, for appellee.

### Statement.

MONROE, J. This is a petitory action for the recovery of a tract of land in the parish of Iberville. Plaintiff traces title to a sale made August 30, 1856, by Joseph H. Balch, treasurer of the parish of Iberville, to Jas. H. Johnston, and purporting to have been made under the authority of "An act to reorganize the public schools in the state of Louisiana," approved April 28, 1853 (Act No. 250, p. 213, of 1853); the land in question being described as "school section 16 in township seven and eight, containing two hundred and twenty-six acres, more or less, as per survey thereof, made by James P. Terrell, surveyor, on the 18th of September, 1855, and deposited in the office of the parish recorder for reference."

The defendant exhibits the following muniments of title, to wit:

An authentic act, of date May 24, 1899, whereby U. A. Warren conveys to him "lot or section 16 in T. 8, S. R. 10 E., containing 134.48 acres."

A receipt issued by the Register of the State Land Office to U. A. Warren, May 23, 1899, for $107, "for the entry of lot or section 16 in T. 8 S., R. 10 E., containing 134.48 acres; patent to issue."

Patent No. 6,859, issued by the state of Louisiana to U. A. Warren, February 7, 1900, to the land described in the abovementioned receipt.

A quitclaim deed by the board of commissioners of the Atchafalaya Basin levee district to U. A. Warren, of date February 7, 1900, to the land described in the patent from the state.

James M. Smith, Register of the State Land Office, having been examined under commission as a witness for the defendant, testifies, in substance, that "lot or section 16 of T. 8 S., R. 10 E.," was approved to the state of Louisiana, under the swamp land grant of September 28, 1850, by the Secretary of the Interior, on June 3, 1898, as shown by approval list No. 61, on file in his office; that it was sold to U. A. Warren as per patent 6,859; that it is a "radiating" section (that is to say, an irregular section, with boundary lines of varying angles), in contradistinction to a section "in place," which latter is a section regularly platted under the rectangular system; that the section in question belongs to a class which has been held not to have been reserved for school purposes, and, as stated, was approved to the state under the swamp land grant; and that he finds no record in his office of

any other approval. Upon this evidence, there was judgment for defendant, and plaintiffs have appealed.

## Opinion.

Although the title under which the plaintiffs claim declares in terms that the land in question was sold as a school section, under an act (No. 250, p. 213, of 1853) which provided for the sale of no other than school lands, the learned counsel for the plaintiffs predicate their argument upon the statement, contained in their brief, "that this lot or section 16, T. 8, R. 10 east, passed from the general government to the state of Louisiana under the swamp land grant of September 28, 1850." That being the case, and it being further established by the uncontradicted testimony of the Register of the State Land Office that said "lot or section" is a radiating or "irregular" section, and, as such, was not included among the lands reserved for school purposes, it follows that the treasurer of the parish of Iberville was without authority to sell it, since he was authorized, upon the fulfillment of certain conditions, and, in the deed executed by him, professed to be authorized, to sell only school land. Moreover, it had been held by this court before the sale in question was made, and has been held since, that fractional sections in fractional townships were not reserved under the general laws reserving sixteenth sections for school purposes. Barton's Executrix v. Hempkin, 19 La. 510; Bres v. Louviere et al., 37 La. Ann. 736.

It is true that under the acts of Congress of May 20, 1826, c. 83, 4 Stat. 179, and of the General Assembly of this state (Act No. 316, p. 401, of 1855; Rev. St. § 2951), a method was provided by which other lands might have been selected to supply the deficiency in particular townships resulting from the fact that fractional sections had not passed under the general grant of sixteenth sections for the use of schools. It is

also true that there is a general presumption that public officers perform their official duty, and, when some preceding act or some pre-existing fact is necessary to the validity of an official act, the presumption in favor of the official act is presumptive proof of such preceding act or pre-existing fact.

Upon the other hand, the presumption that an officer has done his duty cannot sustain his action where the mandatory requirements of the law concerning the record of such action are disregarded. A. & E. Ency. of Law [2d Ed.] vol. 22, pp. 1267, 1268, 1270. And in any event such presumption merely furnishes a species of evidence that may be rebutted by proof. Applying these propositions to the instant case, if the land here in question had been selected to supply the deficiency of school lands in the fractional township a record should have been made of that fact; but not only is there an absence of proof of such record, but it is affirmatively shown that none exists.

It is said that, though the state had no title to the land in question when the sale was made to plaintiff's author in 1856, the title subsequently acquired should inure to the vendee. This is familiar doctrine, and is perhaps applicable here, in so far as that the sale to plaintiff's and defendant's authors. may be regarded as having been made by the authority of the state. The state was not, however, acting in the same capacity in both instances. With respect to the school land grants she acted as trustee for the schools; and, according to the conditions of the trust, the lands, and the proceeds thereof when sold, are to be used for school purposes, and no other. With respect to the swamp land grants, she acted as trustee for the public in the matter of the reclamation and drainage of swamp and overflowed lands, and the condition of the trust is that the proceeds of the lands granted "shall be applied, exclusively, as far as may be necessary, to the construction of levees and.

drains." Act Cong. Sept. 28, 1850, c. 84, 9 Stat. 519. The title conveyed to plaintiff's author was a title held in trust for A., and the title subsequently acquired and conveyed to defendant's author was acquired in trust for B. The doctrine invoked cannot, therefore, be applied; and,. for the same reason, it is immaterial, for the purposes of this case, that the amount paid by the plaintiff's author was not refunded before the issuance of the patent to the defendant's author, the matter being one in which the defendant is not concerned.

The learned counsel for plaintiff calls attention to the fact that there is a discrepancy between the description and quantity of land as called for by the title set up by plaintiff and as called for by the title set up by defendant. The judgment appealed from has, however, quieted the defendant only to the extent of 134.48 acres in township 8, as called for by his title, and we do not interpret the judgment as affecting any rights that the plaintiff may have to land in township 7, if any such there be.

The judgment appealed from is accordingly affirmed, at the cost of the appellants.

PROVOSTY, J., concurs in the decree.