CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* PERRY COUNTY.

Opinion delivered October 5, 1908.

1.  COUNTY WARRANTS—SUFFICIENCY OF ORDER CALLING IN.—Under Kirby's Digest, § 1178, providing that the county court may annually call in warrants, an order calling them in is not void because it

fails to recite that no such order had been made by the court within the previous year. *Yell County* v. *Wills*, 85 Ark. 229, followed. (Page 408.)

2. SAME—SUFFICIENCY OF SHERIFF'S RETURN.—An order calling in county warrants for cancellation and re-issuance is not void because the sheriff's return shows that he posted a copy of the order at each of the election precincts in the townships named in the return, but does not show that these were all the townships in the county, as the court takes judicial notice of the townships in a county, as well as of the various voting precincts in a township. (Page 409.)

Appeal from Perry Circuit Court; *Robert J. Lea,* Judge; affirmed.

*Buzbee & Hicks* and *George B. Pugh,* for appellant .

1. The statute in question, Kirby's Dig. § § 1175-1178, inclusive, must be strictly complied with. 48 Ark. 238; 51 Ark. 34; 61 Ark. 259; 65 Ark. 142; 65 Ark. 353. The fact of having posted the notices required by § 1176 can be proved by the record only, and not by parol. 51 Ark. 34. Where the sheriff's return to the county court showing what he had done in reference to giving notice of an order calling in county warrants fails to show that notice was posted at the court house door, there is no evidence in the record to sustain the court's finding that "proper returns have been made and proper proofs filed." 72 Ark. 394, And a return that he had posted notices in certain election precincts, naming them, is not sufficient to show that he had posted them at all the election precincts in the county.

2. In such cases the order of the county court should show everything necessary to give it jurisdiction. Here the order fails to show that county warrants had not been called in within a year next before the commencement of this proceeding. Kirby's Dig. § 1178.

*Sellers & Sellers,* for appellee.

1. The rule of strict construction, if applicable and still in force in this State, has its limits. The purposes of statutes are not to be defeated by technicalities, nor proceedings overthrown for the non-observance of immaterial forms. 26 Am. & Eng. Enc. of L. 2 Ed. 659; 6 Wall. 395; 64 Ark. 289; 31 Fed. 794; 30 Fed. 492; 40 Fed. 636; 57 Fed. 382; 64 Fed 628; 28 Pac. 781; 41 Am. St. 283; 103 Mich. 43; 75 Ohio St. 52. The Code has

practically, if not absolutely, abolished the common-law rule requiring strict construction of penal and statutory proceedings. Kirby's Dig. § 7817. And all proceedings under it shall be liberally construed. The proceeding in the county court calling in the county warrants was a proceeding under the Code. Kirby's Dig. § § 5976-5979; 82 Pac. 347.

2. The sheriff's return, as made, was correct. It was not only unnecessary, but it would have been improper, for him to have stated in his return that the precincts where he posted the order were all the precincts in the county. The court took judicial knowledge of the number of townships and precincts in the county. 29 Ark. 293; 34 Ark. 227; 66 Ark. 183; 68 Ark. 290; *id.* 561; 53 Ark. 46; 75 Ark. 144; 84 Fed. 314; 159 U. S. 651; 131 N. Y. 617; 5 Wend. (N. Y.) 530; 21 Pac. 313; 7 Enc. of Ev. 970; Kirby's Dig. § 7953 *et seq.* The county court found that the notice had been published according to law. 83 Ark. 231. And judicial notice will be taken of court proceedings, when of a public nature. 64 Ark. 579; 40 N. H. 420; 91 Me. 83; 51 Me. 366; 176 Ill. 288; 111 Ill. 11; 70 Ill. 65; 44 Cal. 213. If the county court could not take judicial notice that the townships and precincts named in the return comprised all there were in the county, it was competent to hear proof as to that. 11 Enc. of Ev. 725; 61 Pac. 584; 12 Am. Rep. 466; 3 N. J. L. 468; 49 W. Va. 7; 91 Mo. App. 673; 115 Ind. 6; 143 Mass. 19; 81 Ia. 535; 16 Wis. 62; 1 N. H. 68.

McCULLOCH, J. This appeal brings in question the validity of an order of the county court of Perry County calling in for cancellation and re-issuance the outstanding warrants · of the county. It is questioned on two grounds, viz.:

(1). That the record of the proceedings in' the county court did not affirmatively show that a similar order had not previously been made by the court within a year.

(2). That the return of the sheriff on the notice did not not affirmatively show that a copy of the preliminary order was was posted at the election precinct in each township of the county.

The first question has already been decided by this court against appellant's contention, and we now see no reason for

changing the views expressed in that decision. *Yell County* v. *Wills,* 83 Ark. 231.

The return of the sheriff recited the fact (in addition to complying with the other method of publication required by the statute) that he posted a true copy of the order at the election precinct in each of the townships named in the return, but it did not show that these were all the townships in the county. It is therefore argued that the order is void because it nowhere appears in the record of the proceedings that these were all the townships in the county, and that the defect cannot be cured by evidence *aliunde.*

It has often been held by this court that the statute authorizing such proceedings must be strictly complied with, and that all facts necessary to give the court jurisdiction must affirmatively appear in the record of the proceedings. *Gibney* v. *Crawford,* 51 Ark. 34; *Nevada County* v. *Williams,* 72 Ark. 394.

No presumption as to the existence of facts can be indulged in aid of the record, nor, on the other hand, can any be indulged to defeat the validity of the proceedings.

Where the return of the sheriff shows that a copy of the order was posted at each of the election precincts in the townships named, the county court will take judicial cognizance whether or not these constitute all of the townships in the county. *Webb* v. *Kelsey,* 66 Ark. 180; *St. Louis, I. M. & S. Ry. Co.* v. *State,* 68 Ark. 561. This would apply to election precincts, notwithstanding the fact that they are established and may be changed from time to time by the board of election commissioners, for these, too, are political subdivisions of a county.

We find no error, and the judgment is affirmed.