■PROVO STY, J.
The village of Marthaville sues the defendant for a license of $500 for selling near beer.
[1 ] The first defense is that defendant does not owe more than $50, because that is the amount of the state license for selling near beer, as fixed by Act 178, p. 322, of 1912, and that by article 229 of the Constitution—
“no political corporation shall impose a greater license tax than is imposed by the General Assembly for state purposes.”
Plaintiff meets that defense by invoking the next sentence of the same article:
“This restriction shall not apply to dealers in distilled, alcoholic or malt liquors.”
And thus the question is raised whether near beer is a malt liquor within the meaning of said constitutional provision. This exact question was passed on by this court in the ease of City of Shreveport v. Smith, 130 La. 126, 57 South. 652, and decided in the negative. We understand that no contention is "made that near beer contains more than 2 percent, of alcohol, or that it does not come within the terms of said Act 178 of 1912, but that the sole contention is that, although it does not contain more than that proportion of alcohol, it nevertheless comes within the meaning of the term “malt liquors,” as used *770 in the above-quoted article of the Constitution.
[2] The next defense is that said license has been sought to be imposed by means of a resolution, and by a viva voce vote, or without entry upon the minutes of the town council of a yea and nay vote, whereas, by express provision of section 33 of Act 136, p. 236, of 1898, under which act said village has been incorporated, the corporate powers of said town council are required to be exercised by means of an ordinance adopted by a yea and nay vote entered upon the minutes.
The said statute does so provide, and adherence to the method thus prescribed is essential to the validity of the corporate action (28 Cyc. 332); and the said license was sought to be imposed by resolution, and not by ordinance. In fact, so far as the transcript in this case shows, every requirement prescribed by said statute for the validity of' corporate action was disregarded in the matter of the attempted imposition of this license.
The judgment appealed from is set aside, and the suit of plaintiff is dismissed, with costs.