Marshall, C. J.
 

 This is an error proceeding from the courts of Jefferson county, Ohio, originating in the court of the mayor of the village of Yorkville. It was a prosecution under one of. the
 
 *185
 
 penal ordinances of that village, relating to disturbances to the order and quiet of the village, and resulted in conviction and imposition of a fine. No legal questions were presented for the consideration of this court concerning the conduct of the trial, and the sole question presented and argued is whether or not the ordinance of the village under which the prosecution was conducted was a valid ordinance.
 

 It is claimed that the ordinance was invalid because of alleged irregularity in the proceedings of council in the adoption of the ordinance. The meeting of the council was a regular meeting, and, so far as the record discloses, all members of council were present. In any' event the record does not deny that the five members of council present and voting constituted three-fourths of all the members elected thereto. The ordinance in question was introduced and read for the first time at that meeting, which was held May 19, 1917. After the reading of the ordinance the first time, the following action was taken, as disclosed by the minutes of the meeting:
 

 “On motion of Nunley, seconded by Brooks and carried, that the rules and regulations of council be suspended and Ordinance No. 15 be passed to its second and third reading and posted.
 

 “Boll Call. Ayes: Bayer, Brooks, Evans, Kirk-bride, and Nunley — 5. Nays: None.
 

 “Ordinance No. 15 was then read by the clerk the second time.
 

 “Boll Call. Ayes: Bayer, Brooks, Evans, Kirk-bride, and Nunley — 5. Nays: None.
 

 
 *186
 
 “Ordinance No. 15 was then read by the clerk for the third time.
 

 “Boll Call. Ayes: Bayer, Brooks, Evans, Kirk-bride, and Nunley — 5. Nays: None.
 

 “Ordinance No. 15 was then declared passed, and ordered posted according to law.”
 

 It is urged that this action was a violation of the provisions of Section 4224, General Code, which read, in part, as follows:
 

 “No by-law, ordinance or resolution of a general or permanent nature * * * shall be passed, unless it has been fully and distinctly read on three different days, and with respect to any such by-law, ordinance or resolution, there shall be no authority to dispense with this rule, except by a three-fourths vote of all members elected thereto, taken by yeas and nays, on each by-law, resolution or ordinance, and entered on the journal.”
 

 The motion for suspension received a three-fourths vote, and the only question for determination is whether or not the suspension referred to the rule of the statute as defined in Section 4224. It is contended by counsel for the accused that the motion by its terms referred only to the rules of council. What these rules were, or whether there were any rules of council, does not appear in the record. If council had a rule on the subject, it does not appear whether such rule was the identical rule shown by the above-quoted portion of Section 4224. It is very clear by this record that the ordinance was read three times on the same day, and passed after the third reading, and that no other action pertaining thereto was taken after that day, except the usual publication. The
 
 *187
 
 provisions of Section 4224 are clearly mandatory, and unless complied with the ordinance is invalid.
 

 "Whether the rule of the statute was waived must be determined by the language of the minutes, and in construing this language the rule is that every reasonable presumption should be indulged in favor of validity. In the absence of any showing that council had rules and regulations on this subject, and in the absence of any showing that such rules and regulations were different from the rule of the statute requiring a suspension of the requirement of reading on three separate days, it will be presumed that, if any rule existed, the rule was the same as the statute, because council could not legally have any rule which would be in conflict with the statute. A careful analysis of the motion shows that it relates to a proposed suspension of some rule forbidding the second and third readings on the same day as the first, and it is clearly the purport of the motion to permit the second and third readings on the same day. It is true that the motion does not in terms refer to the statute, and yet the effect of the motion is to disregard the rule provided in the statute, that of reading on three different days, and in lieu thereof to have three readings on the same day. And the motion was in fact carried by the required three-fourths vote, and the vote was in fact entered upon the journal. It appears, therefore, that the provisions of the statute were fully observed, and that the rule of the statute was in fact suspended in the manner therein provided. The form of the minutes is inartificial, and we do not commend it as a form to be followed in such matters, yet we
 
 *188
 
 are unable to say that the word “rules” did not refer to the rule as declared in Section 4224.. And we are clearly of the opinion that the rule of that section was in fact complied with.
 

 It will be noted that Section 4224 does not specifically require that there be a suspension of the statute, but the language is that council must “dispense with that rule” by a three-fourths vote.
 

 The important, substantial thing is that there be a determination of three-fourths of the entire number elected that the three readings be made on the same day, and that such determination be entered on the journal before the second and third readings. All this substantially appears. It is not a sufficient answer to this to say that it might have been more clearly and definitely expressed.
 

 The judgments of the lower courts must therefore be affirmed.
 

 Judgment affirmed.
 

 Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.