PATHE, etc. v. DONALDSON, et.

Ohio Appeals, 1st Dist., Clermont Co.

No. 96. Decided April 18, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**MUNICIPAL CORPORATIONS.**

(360 P4a) An ordinance authorizing an issue of municipal bonds for a municipal light plant, providing that the earnings shall be deposited in a separate account for payment of interest and principal of bonds, operation, upkeep and insurance of plant, is valid.

(360 O) Rule as to three readings in passage of ordinance is sufficiently conformed to if rule is suspended by three-fourths vote. Three readings in one day not required.

(360 P4a) Acceptance of higher bid which is for machinery and materials for plant of about 50% more capacity than next lower bid, notwithstanding some evidence that lower bid was for plant of sufficient capacity to supply needs; not sufficient, in absence of showing of corruption or bad faith, to invalidate contract.

Error to Common Pleas.
Judgment affirmed.

Nichols, Speidel & Nichols, Cincinnati, for Pathe.

Charles A. Brannock, Waite, Schindel & Bayless and Herbert Shaffer, Cincinnati, for Donaldson, et.

STATEMENT OF FACTS.

Plaintiff in error brought an action as a taxpayer against the officials of the Village of Bethel, Ohio, seeking an injunction against the letting of a contract for the extension and enlargement of the Village Electric Light, Heat and Power plant, and the issuing of bonds to provide for the cost thereof.

Upon the trial of the cause, the court refused an injunction. From that judgment, the plaintiff, plaintiff in error here, prosecutes error to this court.

Plaintiff in error first contends that ordinance No. 80, which is the basic ordinance for the issuing of the bonds, is illegal and void, for the reason that it is in violation of Sec. 12, Art. XVIII of the Constitution, for three reasons:—first, that the ordinance requires the Village of Bethel to keep the public utility in question in repair and maintain the same in first class condition; second, that the ordinance requires the Village of Bethel to keep the plant insured against loss by fire or tornado, in an amount equal to the bonds outstanding; and, third, that under certain contingencies, the ordinance requires the Village to pay for electric light current for street lighting purposes.

It is contended that these **obligations** contravene Sec. 12 of Art. XVIII of the Constitution of Ohio.

PER CURIAM.

Whether or not the provisions of Sec. 12, Art. XVIII limit the imposition of liability further than as security for the bonds outstanding, it is not necessary to decide, since the ordinance itself provides that the earnings from the plant shall be deposited in a separate deposit account and kept separate and apart from other funds of the Village, and shall not be used for any purposes except the payment of interest and principal on bonds and the operation and upkeep of the plant. Nowhere in the ordinance is it provided that the expenses incurred in the operation, upkeep or insurance of the plant shall be paid by the Village, otherwise than from the earnings of the plant. This being true, this provision imposes no liability other than upon the property and revenues of the public utility in question.

Had the ordinance provided that the cost of upkeep, operation, and insurance should be paid for from the general revenues of the Village, we would have a different question.

Our conclusion is that on these propositions, Ordinance No. 80 is not illegal and void, and does not contravene Sec. 12 of Art. XVIII of the Constitution.

The second contention is, that the ordinance is void for the reason that it was not passed in the manner prescribed by the statutes of Ohio. This proposition is argued on the ground that the ordinance, although passed under a suspension of the rules, was not read three times on the same day.

The pertinent part of Sec. 4224, G. C., reads:

"No ordinance * * * * shall be passed, unless it has been fully and distinctly read on three different days, and with respect to any such by-law, ordinance, or resolution, there shall be no authority to dispense with this rule, except by a three-fourths vote of all the members elected thereto * * * *."

It will be noted that the section nowhere provides in terms for three readings. It provides for reading on three different days. But the section provides that this requirement may be dispensed with by a three-fourths vote of all members elected to council.

We are of opinion that this rule was properly dispensed with, and the ordinance properly passed.

Counsel for plaintiff in error cites the case of Costakis v. Yorkville, 109 Ohio St. 184. That case is not an authority here, as the same question was not presented.

The only case in Ohio directly on this point is the case of Schroder v. Overman, 6 Ohio Decisions, decision by Judge Morris Buchwalter,

and we are in accord with that decision.

The ordinance was, therefore, properly passed.

It is next contended that the contract was not let to the lowest bidder, and charges acts and circumstances tantamount to fraud on the part of the officials of the village in letting the contract to Fairbanks Morse Co.

The record discloses that there were three bids in answer to the advertisement for bids. The bids were made on general specifications. Each bidder presented his bid on detail specifications in compliance with the general specifications.

The record discloses that the Fairbanks Morse Co.'s bid for the machinery and materials was for a plant of approximately fifty per cent more capacity than the next lower bid. There was some expert evidence introduced by the plaintiff to the effect that the next lower bid, called the Worthington bid, was of sufficient capacity to satisfy all the needs of the village. The lowest bid was considerably lower than the Worthington bid. It does not appear that this bid was satisfactory in any respect.

There is evidence that there were some private conversations between some of the officials of the village and the representatives of the Fairbanks Morse Co. prior to the letting of the contract, but there is no direct evidence of corruption or bad faith.

Our conclusion is, that, under the evidence, the trial court was justified in finding the Fairbanks Morse Co.'s bid to be the best bid, and that its finding is not manifestly against the weight of the evidence on these questions.

We find no prejudicial error in the record and the judgment will be affirmed.

(Hamilton, PJ., and Mills, J., concur.)