VAN DER VEER *v.* STATE EX REL. HERRON ET AL.

[No. 13,150.    Filed February 15, 1929.    Rehearing denied June
26, 1929.    Transfer denied May 18, 1933.]

*Henry M. Dowling,* for appellant.

*Conrad Wolf, Earl B. Barnes, C. W. Roll* and *George B. Shenk,* for appellees.

McMAHAN, P. J.—This is an action by Joseph C. Herron, under section 45 of the County Reform Law, §5906 Burns 1926, Acts 1899, p. 343, against Ferdinand P. Van Der Veer, William A. Weddel, Treasurer of Howard County, and the Board of Commissioners, to recover money paid to Van Der Veer, hereafter referred to as appellant, by Weddel as treasurer, upon a claim for services in searching for and placing upon the tax duplicate, property which had been omitted from taxation.

The facts were found specially and are in substance as follows: The Howard County Council met in regular session September 8, 1925, for the purpose of making appropriations for 1926, at which time the county auditor presented a budget in which there was an item asking for an appropriation of $50,000, for the purpose of paying an employee for searching out property which had been omitted from taxation. No ordinance for this, or any other purpose was made, presented to, or read to or by the council at such regular session on that day covering any appropriation for 1926. The council did, on that day, order the auditor to prepare an ordinance and to present it the next day, covering the appropriations for 1926. On September 9, 1925, at the regular session of the council, the auditor presented an ordinance for appropriations for 1926, and included therein an item of $50,000, for the purpose of employing someone to search for and place omitted property on the tax duplicate. The auditor prepared this ordinance and it was read the first, second, and third time

on September 9, and declared adopted, and was not read upon any other day than September 9. The ordinance so presented to the council was not approved or adopted by taking the yeas and nays upon the vote and the yea and nay votes on the adoption of the same were not entered upon the minutes or journal of the proceedings of that meeting of the council. The estimates prepared by the county commissioners to be acted upon by the council were not verified, and no certificate verified by any commissioner to the effect that the amount fixed in each item would be required for the purpose indicated, were appended to the estimates submitted with the items. The council also met in special session immediately after the adjournment of the regular session on September 8, for the purpose of making appropriations to meet an emergency for the remainder of 1925, ending December 31, 1925. At this special session on September 8, an ordinance was presented for an appropriation of $50,000 to pay an employee under contract for services in placing omitted property on the tax duplicate. This ordinance was read September 8, after which the council adjourned to September 9, when it again met in special session and the ordinance for the additional appropriations for 1925 was read, but the council did not take a vote by yeas and nays upon its adoption and the council did not adopt that ordinance by a yea and nay vote and no yea and nay vote upon the adoption of such ordinance appropriating the money was entered of record. The county auditor did not, prior to September 8 and 9, give any notice by publication of the aggregate amount of estimates of the proposed appropriations, and no notice of any kind was given of the estimates or the aggregate amount of the appropriations asked for the purpose of employing any person to search for property omitted from taxation. Only five of the seven members of the county council

were present at the opening of the regular and special sessions of the council held September 9. On September 9, 1925, but after the ordinance appropriating $50,000 had been adopted as above stated, the board of commissioners found and entered of record as a part of its orders, that an indispensable public necessity then existed for the investigation of the records other than the public records of Howard County, for the discovery of property subject to taxation and which had escaped taxation, and that an indispensable public necessity existed for the employment of someone other than an officer of the county to make the investigation and report, and that such person should be compensated for such services upon a percentage basis out of the taxes derived from property discovered and reported for taxation, and the commissioners entered an order that a competent person be employed for that purpose under a contract which should be entered of record when executed. Afterwards, but on September 9, 1925, the commissioners entered into a written contract with appellant to make such investigation whereby the commissioners agreed to pay him a sum equal to 50 per cent of the taxes derived from property so discovered and reported by him for taxation.

On November 4, 1925, the relator, Joseph C. Herron, on behalf of himself and other taxpayers of the county, appeared before the commissioners and attacked the validity of the contract with appellant, and asked for a hearing. The matter was set for hearing at a later date and notice was given to appellant. On the day set, the relator and other taxpayers and appellant appeared before the commissioners and the matter was discussed. After the contract was entered into, appellant made search and discovered certain personal property in the nature of stock in foreign corporations subject to taxation in Howard County and which was not

on the tax duplicate, and reported the same to the county auditor for taxation. The auditor placed on the tax duplicate assessments against the owners of such property, aggregating $204,950, which was later properly placed before the State Board of Tax Commissioners, who fixed the aggregate amount of such taxes at $43,387.75, and on April 19, 1926, the owners of such property paid to the treasurer of the county the said sum of $43,387.75, as and for taxes on such omitted property.

On April 22, 1926, appellant filed his verified claim with the auditor for services under his contract, said claim being for 50 per cent of the taxes so paid and collected. On May 3, 1926, the commissioners allowed said claim in full in the sum of $21,693.87, and on the same day the auditor issued a warrant to appellant for the amount so allowed, which warrant, after being countersigned by the treasurer, was presented to the American Trust Company, a county depository, on May 6, 1926, for payment and was by it paid.

The board of commissioners made no effort to bring suit against appellant or any other person to recover the money so paid to appellant, and thirty days having passed, the relator served a written notice on the board of commissioners while in session to bring suit against the proper parties to recover said sum, and demanded that such suit be brought, which the commissioners refused to do, and on June 16, 1926, this suit was commenced. The relator employed legal counsel to bring and prosecute this action and the services of such attorney is worth $2,000. The ordinance of September 9, 1925, which included the appropriation of $50,000, for discovery of omitted property in 1926, contained other appropriations for the benefit of Howard County, and its subdivisions, aggregating more than $187,000, all available in 1926, and covering 109 public objects, all

of which appropriations have been expended and no suits other than the present one have been commenced to recover any of the money so paid out. The tax levy for 1926 was based upon such appropriations, and the taxes for 1926 were paid by the taxpayers of the county without any objections. Appellant acted in good faith in entering into the contract and performing the services as heretofore set out. The said appropriations, the journal entry and the record thereof, and the contract with appellant, were all of record during the time appellant performed the services, and appellant had notice and knowledge before he rendered any services and before he made his report to the auditor that the validity of his contract was being questioned.

Upon these facts the court concluded as a matter of law that the contract with appellant was void, that the payment to him was unlawful and that the relator was entitled to recover from appellant for the benefit of the county $21,693.87, plus $2,000, attorney fees. Judgment was rendered in accordance with these conclusions, hence this appeal.

Appellant contends that the court erred in overruling his demurrer to each paragraph of the complaint. The facts alleged being fully covered by the special finding and the questions being better presented by the exceptions to the conclusions of law, we will dispose of the questions presented by the demurrer and exceptions to conclusions of law at the same time. But, before entering upon the contentions of the parties, it is well that we have before us the material parts of the statute creating and regulating the proceedings of the county council insofar as applicable to the instant case. The county council was created in 1899, Acts 1899, ch. 154, p. 343, by what is frequently referred to as the County Reform Law. Section 9 makes the auditor clerk of the council and requires that he shall keep and preserve

in his office the files and papers thereof and keep an accurate minute and journal of its proceedings and enter the yeas and nays upon every vote appropriating money or fixing the rate of tax levy. By section 15, the power of appropriating money to be paid out of the county treasury is vested exclusively in such council, and unless otherwise provided, no money shall be drawn from the treasury except in pursuance of appropriations so made. Other sections require every county officer to make out and file an itemized estimate of the amount of money required in his office for the ensuing year. Section 20 requires that all estimates except the one filed by the auditor must be filed with the auditor before the Wednesday following the first Monday in August, and they, with the one prepared by him, must be kept on file in his office. The auditor is required to give notice by publication of the aggregate amount of each estimate before their presentation to the council. At the annual meeting of the council held on the first Tuesday after the first Monday in September, when the auditor "shall present" all said estimates to the council, and it "shall be his duty" before such meeting, to prepare an "ordinance making appropriation by items for such calendar year" for the various purposes required. The council at that meeting shall act upon said ordinance and fix its tax rate and make appropriations. "Each ordinance shall be read upon at least two separate days before its final adoption." Section 22 provides that no funds shall be paid out of the treasury when there has been no appropriation, except in certain instances not here material, and no warrant "shall be drawn upon, or money paid out of the county treasury, unless an appropriation" therefor has been made by the council. Section 25 provides that the county commissioners shall have no power to bind any county by contract or otherwise beyond the extent of existing

appropriations and all obligations beyond existing appropriations "are declared to be absolutely void." Section 45 provides that where money is paid out of the county treasury contrary to the provisions of the act, the same may be recovered by suit in the name of the state on the relation of the board of commissioners. If the commissioners fail to bring suit, a taxpayer may, after thirty days, demand in writing of the commissioners that such suit be instituted, and, upon the failure or refusal of such commissioners to comply with such demand, such taxpayer may bring such suit in the name of the state on his own relation for the benefit of the county. If the relator recover in such suit, he shall, in addition to the amount unlawfully paid out, recover attorney fees necessary in the prosecution of the suit.

Appellee contends that the ordinance adopted by the county council at its September, 1925, meeting, for appropriations for 1926, is void and of no effect, because the same was not read on two separate days as required by §20 of the County Reform Law, §5881, Burns 1926, and also because the yeas and nays were not taken upon the vote for the adoption of such ordinance and because the yea and nay vote was not spread of record in the journal of the council as required by §5870, Burns 1926.

Appellant contends that the finding that the ordinance covering the $50,000 appropriation for 1926 was not presented to or read to or by the county council on September 8, 1925, and that such ordinance was first presented September 9, and was not read on two separate days is not sustained by the evidence. In this connection appellant says: (1) The presumption of law is, that the ordinance was read on two separate days before its final adoption; and (2) that in addition thereto the uncontradicted testimony of four of the members of the county council, the auditor and of two

county commissioners establishes beyond question that the ordinance was read on two separate days.

While no presumption will be induced to defeat the validity of the proceedings, "No presumption as to the existence of facts can be indulged in and of the ■ record." *Chicago, etc., R. Co.* v. *Perry Co.* (1908), 87 Ark. 406, 112 S. W. 977. The presumption that an officer has done his duty can not sustain his action where the mandatory requirement of the law concerning the record has been disregarded. *Lauve* v. *Wilson* (1905), 114 La. 699, 38 So. 522.

And it has been held that when the exercise of authority is limited by statute, and its exercise affects the private rights of individuals, the record of the proceedings must show that the act by which this is done is within the limit of the power conferred. *Pearsall* v. *Supervisors* (1888), 71 Mich. 438, 39 N. W. 578.

The law required the auditor to keep an accurate journal of the proceedings of the county council, and the presumption is that he did his duty. He did ■ keep a record of the proceedings of the council. That record was introduced in evidence. It does not show that the ordinance was read on two separate days. It shows the ordinance was presented to the council for the first time, September 9, that it was read for the first time on that day, that it was then read a second time, that the council then adjourned for lunch after which, but on the same day, it was read a third time and adopted on the third reading on that same day. This record speaks for itself and cannot be impeached by oral testimony. As was held in *Byer* v. *Town of Newcastle* (1890), 124 Ind. 86, 24 N. E. 578, the only competent evidence of any act or proceeding of a municipal body upon which the members of the corporate board are required to vote, is the record of the proceedings. The finding of the court that the

ordinance in question was not read on at least two separate days is sustained by the evidence.

A statute requiring an ordinance to be read on two separate days is mandatory, and unless complied with, the ordinance is invalid. *Costakis* v. *Village of Yorkville* (1923), 109 Ohio 184, 142 N. E. 30; *State* v. *Livermore* (1922), 192 Iowa 636, 185 N. W. 1. And it is mandatory that the record show the fact that the ordinance was read on at least two separate days. *State ex rel. Milwaukee* v. *Milwaukee, etc., R. Co.* (1911), 144 Wis. 386, 129 N. W. 623, 140 Am. St. Rep. 1025. For other authorities see McQuillin, Municipal Corp. (2nd Ed.) §§638, 639 and 650.

A statute requiring that an ordinance of the common council of a municipal corporation shall be enacted by a vote in a meeting duly assembled, upon which the yeas and nays must be called and recorded is mandatory. No presumptions can be indulged in this respect, and the omission can not be cured by parol. *Wagner* v. *State ex rel.* (1910), 173 Ind. 603, 91 N. E. 1; *State ex rel. Renner* v. *Curry* (1899), 134 Ind. 133, 33 N. E. 685; *Swindell, Mayor* v. *State ex rel.* (1895), 143 Ind. 153, 42 N. E. 528, 35 L. R. A. 50; *New Albany, etc., Coke Co.* v. *Crumbo* (1894), 10 Ind. App. 360, 37 N. E. 1062; *City of Logansport* v. *Crockett* (1878), 64 Ind. 319; *Farmers' Telephone Co.* v. *Washta* (1912), 157 Iowa 447, 133 N. W. 361; *Cook* v. *City of Independence* (1907), 133 Iowa 582, 110 N. W. 1029; *Village of Marthaville* v. *Chambers* (1914), 135 La. 769, 66 So. 193; *Payne* v. *Ryan* (1907), 79 Neb. 414, 112 N. W. 599; *Pickton* v. *City of Fargo* (1901), 10 N. D. 469, 88 N. W. 90; *Hicks* v. *Long Branch Commission* (1903), 69 N. J. L. 300, 54 Atl. 568, 55 Atl. 250.

If the record as to the adoption does not show such action, no presumption can be entertained that the stat-

ute was complied with. *Markham* v. *City of Anamosa* (1904), 122 Iowa 689, 98 N. W. 493.

The finding of the court that the ordinance was not read on separate days as required by the statute is supported by the evidence.

The court did not err in allowing the record or journal of the proceedings of the county council to be read in evidence.

Appellant contends that certain of the other findings of the court, including the finding that the yea and nay vote was not taken and recorded, are not sustained by the evidence. If all of the findings challenged had been found in accordance with appellant's contentions, it would not change the result, as the failure of the record to show that the ordinance was read on two separate days necessarily leads to an affirmance of the judgment.

On September 9, the board of commissioners of Howard County met, and after having investigated the matter of employing some person for the purpose of discovering and reporting for taxation omitted property, found that an indispensable public necessity existed for such investigation, and for the employment of some person other than an officer of the county for that purpose and it ordered that such a person be employed under a contract for that purpose. In this connection the board also found that the county council had on that day made an appropriation for the employment of a person to make an investigation concerning property which had been omitted from taxation.

Appellant contends that the finding by the board that the council had made such an appropriation was a preliminary jurisdictional fact, that such finding can not be attacked in the instant case, and that the finding of the board of commissioners that an appropriation had been made is conclusive of the fact that a valid appropriation had been made. We do

not so understand the law. The board was required to find the jurisdictional fact that an indispensable public necessity existed for the employment of a person to search for omitted property. While the board could not enter into a valid contract in the absence of an appropriation, it was not required to find, as a jurisdictional fact, that an appropriation had been made. If the board of commissioners could by such finding conclusively establish as a fact that an appropriation had been made, one of the main provisions of the County Reform Law would be rendered nugatory, and the recovery of money paid out in violation of the law could be prevented by such a finding.

After having considered all questions presented by the motion for a new trial, we hold that the court did not commit any reversible error in overruling the same.

There being no valid appropriation out of which appellant's claim could be paid, it follows that the payment of the same was unlawful and that the court did not err in its conclusions of law. Nor did the court err in overruling the demurrer to either paragraph of the complaint.

Judgment affirmed.