Bres vs. Louviere et als.

## No. 1256.

### JOSEPH R. BRES VS. M. LOUVIERE ET ALS.

The general laws of the United States consecrating *lot* 16 of townships to school purposes apply only to such lots as have been surveyed as square or rectangular. They do not apply to radiating, anomalous or irregular sections.

By issuing an indemnity school warrant the State parts with what title in the public domain it could by location have secured her. The divestiture is complete where the location is approved, and on return and surrender the Governor issues a patent.

A possession of more than half a century does not of itself divest title from the general government, which can be accomplished, in a proper case, only after full compliance with the requirements of the law.

The unauthorized entry on the tract book that a lot is "*reserved for schools*" does not operate such reservation.

The fact that one is an employee in the land office does not disqualify him from acquiring scrips and warrants and acquiring valid title to land under them.

APPEAL from the Twenty-first District Court, Parish of Iberia. Gates, J. ————

*Robert S. Perry* for Plaintiff and Appellant.

Radiating or anomalous lots or sections 16 are not *reserved* for schools by acts of Congress. Ruling Secretary of the Interior, 23d July, 1860, 17 L. 510, 33 Ann. 424. Letter of United States Commissioner, July 1st, 1882.

The method of selecting under the indemnity act of Congress of 20th May, 1829, and adopted by the State, by act of December, 1848, No. 319 of 1855, and R. S. 2952, and titles so acquired by individuals are valid. 11 Ann. 552, Public Domain, page 227, 28 Ann. 720, 18 H. 181.

The issuance of scrip, under the laws of the State, is alternative and discretionary with the State register. This action is final. 4th Ed. Cooley, Const. Lim., p. 138, N.; Cooley on Taxation, pages 157, 514 to 528, 532, 25 Ann. 119. See 14 Ann. 77, 2 Ann. 216, 299, 19 L. 334.

The assent of general government to issuance of scrip has been obtained. But the State has plenary and exclusive power over the subject matter, and that assent was not required. The State may dispose of *reserved* and *selected* school lands, as it sees proper. The Governor's patent is final. 18 H. 181.

Under Act 1826, the secretary alone makes final selection. In case reported in 13 Wall, 123, the register was authorized to select. Long possession cannot avail against the government. In this case entry "reserved for the schools" on the tract book was unauthorized. It was not made by the Secretary. The lands were not *reserved* under the law, nor before approval of plaintiff's location, had they been *selected*.

There is no proof title had been previously parted with. 13 Wall. 123; Commissioner's letter July 1, 1882.

*Selected* lands being held by "same tenure and terms" as *reserved* lands, they may be disposed of as the State sees fit. 18 H. 181.

As school board has no title and the State does not complain, the State's patent is final, and the school board has no interest to contest the validity of the patent. 18 H. 181.

Plaintiff is entitled to recover value of rent since date of the patent.

Pleadings cannot be amended after the suit has begun.

*W. S. Parkerson* on same side :

1. Radiating 16 sections are not reserved for school purposes under the general law. 19 La. 510; 33 A. 424.

Bres vs. Louviere et als.

2. Radiating 16 sections, being a part of the public domain, could be selected as indemnity under the Act of 1826, and until so selected remain a part of the public domain, subjecto purchase.

3. When there is no regular 16 section in a township, the Register of the Land Office is authorized, in case he deemed it more advantageous to the State, to issue scrip in lieu of the indemnity land, which could be placed upon any part of the public-domain, in that district. R. S. 2951, 2952.

4. The Register having issued the scrip, it having been entered on this radiating 16 section, a part of the public domain, the selection having been approved to the State by the United States authority, and the Governor, as executive officer of the State, having received the money for the scrip, holding it in trust for the local school board, and having issued a patent for the land, it is presumed that all the formality of the law had been complied with, and it is not competent for the school board to question such a title. 4 Ala. 622 ; 18 Howard 181.

5. By the sale of the indemnity scrip, the State passed all of its right, title and interest in and to any part of the public domain to which it (the State) might be entitled upon which such scrip might be placed, and when the selection was made and the land approved to the State it became the duty of the Governor, acting in good faith with the purchaser of the scrip, to issue him a patent therefor.

### Jos. A. Breaux and P. L. Renoudet for Defendants and Appellees :

1  The evidence of the selection of land made by an agent of the State is reduced to writing.

If a selection has been made, copy of the evidence is the best evidence.

The *ex parte* statements of the Commissioner General of the Land Office are not admissible to prove such a selection, nor those of the Register of the State Land Office.

Title to real property can neither be destroyed nor created by parol.

. S crips cannot legally be issued to enable speculators in land to become owners of fractional sections of very valuable lands, in such quantity of acres as will best serve their particular interests.

3. The State Land Register can issue scrips with the assent of the Federal Government. This assent in the instant case has not been obtained.

4. This officer, under the law, must ascertain in what township in the State there are no reservations of school sections, and in such case it is made his duty, under the superintendence of the Governor, to apply for as soon as possible and obtain a location of any land or part of land in lieu thereof.

5. When such locations cannot be made, scrips can be issued. This location could be made in the townships. This is evident.

The tract of land in controversy contains 154 45-100 acres, leaving a deficiency of 485 55 100 acres unprovided for. The alleged scrip was issued for 154 45-100 acres, precisely the number of acres in the tract.

The whole is an attempt to enable plaintiff to become the owner of the land which has been surveyed for the schools, and is property especially designated in their interests.

Patents fraudulently obtained or illegally issued are void. McGill vs. McGill, 4 A. 26 Stoddard vs. Chambers, 2 Howard 318.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is a petitory action against. the school board of the parish of Iberia,

47

The plaintiff claims to have legally acquired indemnity school war-rant No. 3939, and on July 7, 1882, to have located it on lot 16, T. 13 S., R. 7 E., S. W. La. Dist., containing 154 45-100 acres of land, in Iberia parish ; that this location was approved by the Secretary of the Interior on February 24, 1884, and that, in consequence, he obtained from the Governor of the State a patent, No. 156, A. S. L., on the 21st of April, 1884; the warrant having issued under the provisions of Act of Congress of May 26, 1826.

The defense is substantially that the issuance of the warrant, the location, the approval thereof and the granting of the patent are null, as in violation of law, for the reason that, at the date of the warrant and long before, the lot claimed had ceased to form part of the public domain and belonged in trust to the State, for the use of the public schools.

This defense must fall before the fact that the lot in question (16) is a radiating, or anomalous, or irregular lot, not in place, and that the general laws consecrating lot or section 16 of townships to school pur-poses, apply only to such lots as have been surveyed in square or rec-tangular lots or sections.   Decision of Secretary of the Interior, July 23, 1860; of July 1, 1882; Bartons vs. Hempkin, 19 L. 510; 33 Ann. 424.   See also 4 Ala., Long vs. Brown, pp. 622, 627-8; 18 How. 173, 177-8, 181-2; Cooper vs. Roberts; Public Domain 1883, p. 227, indem-nity selections; R. S. La. 2938; Sec. 14, Act 75 of 1880.

The defendants have failed to show that, prior to the location of the warrant by the plaintiff on this radiating section, it had ceased to compose the public domain and had passed to the State for school purposes.

It is clear that, when the State sold the indemnity warrant, she parted with what right, title and interest she had or could have had in and to any part of the public domain to which she would have been entitled by the location of the warrant; and that, when the location was effected, approved, returned and acted upon by the delivery of the patent by the Governor, the divestiture was complete.

It may be that, had the Register of the State Land Office done what is considered was his duty, this lot might have been secured to the State ; but he has not done so.   His omission cannot affect the rights of the plaintiff, who has unquestionably acquired a good and valid title to the lot.

It cannot avail to say that the words "reserved for the schools" had been written on the tract books and was protection, for the Commis-

sioner's letter of July 1, 1882, establishes that this was done without any authority.

The long possession of upwards of half a century of the school board could not accomplish that which a strict compliance with the requirements of the law alone could have realized. 15 Wall. 123.

The fact that the plaintiff was an employee in the Land Office has not been shown to have been a disqualification to act as he has done in this matter.

The district judge, in his reasons, appears to have acted on the assumption that lot 16 had passed to the State. Had such been the fact, the case would have presented quite a different feature.

The plaintiff must recover.

It is therefore ordered and decreed that the judgment appealed from be reversed, and that there now be judgment in favor of plaintiff, declaring him owner of the radiating lot 16 in controversy, hereinbefore mentioned and more fully described in his petition, in the warrant and patent, and that the appellees pay costs in both courts.