(105 So. 413)

No. 26863.

### COCKE et al. v. SPANGLER et al.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Pleading** ⬤⟹228—**Allegations of petition are taken as true on exception of no cause of action.**

Allegations of petition are taken as true on exception of no cause of action.

2. **Real actions** ⬤⟹8(2)—**Petitory action; petition in petitory action held to state cause of action.**

A petition, in a petitory action, alleging that a certain individual acquired the land in dispute from the United States Land Office on a certain date as evidenced by certain certificate, and that plaintiffs were the heirs of such person, *held* good as against an exception of no cause of action.

3. **Adverse possession** ⬤⟹7(2) — **Prescription; plea of prescription interposed as to land owned by United States government held properly overruled.**

Where land was owned by United States government, because reserved from sale pursuant to Act Cong. March 1, 1817, until the enactment of Act Cong. Feb. 16, 1923, prescription did not run, since prescription cannot be pleaded against the government.

4. **Adverse possession** ⬤⟹7(2) — **Prescription acquirendi causa cannot run against any part of public domain.**

Prescription acquirendi causa cannot run against any part of public domain.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Walter T. Gilmore, Judge.

Petitory action by Mrs. Mary Hawkins Cocke and others against Mrs. Annie Coleman Spangler and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

R. Norman Bauer, of Franklin, for appellants.

Borah, Himel, Bloch & Borah, of Franklin, for appellees

BRUNOT, J. This is a petitory action. The lands involved in this suit form a part of Cypress Island, in the parish of St. Martin.

Defendants filed an exception of no right or cause of action to plaintiffs' petition, a plea of prescription acquirendi causa, and an answer to the suit. The exception and plea of prescription were referred to the merits. The case was tried, and judgment was rendered overruling the exception and plea of prescription and decreeing the plaintiffs to be the true and lawful owners of the property. From this judgment the defendants appealed.

[1, 2] The learned trial judge found that the exception of no cause of action was leveled at plaintiffs' claim to fractional sections 31 and 32 in township 14 south, range 11 east, on Cypress Island, and as article 2 of the petition alleges that Joseph T. Hawkins acquired these fractional sections from the United States Land Office at Opelousas, La., on August 7, 1844, as per certificate No. 4184, and as other articles of the petition allege that plaintiffs are the heirs of Joseph T. Hawkins, the petition sets forth a cause and right of action. We concur in this ruling because on the trial of an exception of no cause of action the allegations of the petition are taken as true.

[3, 4] The record discloses that by the proc-

lamation of President Monroe, issued on February 29, 1820, pursuant to an act of Congress passed on March 1, 1817 (3 Stat. 347), Cypress Island, including the lands involved in this suit, was exempted from all future sales of public lands of the United States, and was reserved by the government to supply timber for naval purposes. Under this reservation, the title to the lands remained in the United States government until February 16, 1923, when Congress approved and passed an act to authorize the Secretary of the Navy to certify to the Secretary of the Interior, for restoration to the public domain, all reserved lands in the state of Louisiana not needed for naval purposes. This act includes the lands involved in this suit, and it specifically confirms the titles thereto of the original entrymen, their heirs, assigns, and legal representatives. As the title to the lands remained in the United States government until 1923, and as prescription cannot run against the government, the learned trial judge correctly overruled defendants' plea of prescription. Moreover, the evidence does not establish such possession by defendants as the law requires as the basis for prescription acquirendi causa. Such possession as defendants had began and continued by reason of the employment of one of them by the government as lighthouse tender on Cypress Island. It was during this employment and occupancy that defendants acquired the title set up in their answer. It is not necessary to discuss this possession, because prescription acquirendi causa cannot run against any part of the public domain. State v. Buck & Fruet Co., 46 La. Ann. 656, 15 So. 531; Bres v. Louviére et al., 37 La. Ann. 736.

The act of Congress approved February 16, 1923 (42 Stat. 1258), specifically confirmed to the original entryman, their heirs, assigns, and legal representatives, the following entries:

"In township fourteen south, range eleven east, on Cypress Island—fractional sections thirty-one and thirty-two, Joseph T. Hawkins, August 7, 1844; certificate numbered four thousand one hundred and eight-four.

"In township fifteen south, range eleven east, on Cypress Island—lot one of section six and lots one and two, section five, John Dawson, December 26, 1843; certificate numbered four thousand one hundred and fifteen.

"Lots three, four, and five, section five, and lots two, three, four, and five, section six, John D. Alston, December 26, 1834; certificate numbered four thousand one hundred and fourteen."

The lands described in the foregoing entries and certificates are the lands involved in this suit. It appears that the deeds to said lands were recorded in the parish of St. Mary, but certified copies of these deeds were recorded in St. Martin parish in 1923.

The record discloses that Joseph T. Hawkins never disposed of fractional sections 31 and 32, which he acquired August 7, 1844, by certificate No. 4184, but that the title to the lands purchased by John Dawson by certificate No. 4115, and the land purchased by John D. Alston by certificate No. 4114, after various transfers, and by inheritance, etc., became vested in Elizabeth Ann Hawkins, and the estate of Joseph T. Hawkins now owns the fractional sections 31 and 32 in township 14 south, range 11 east, containing 68.14 acres, on Cypress Island; and the estate of Elizabeth Ann Hawkins now owns all of the lands purchased by John Dawson and John D. Alston and covered by the said certificates Nos. 4115 and 4114. The plaintiffs in this suit are the heirs of Joseph T. Hawkins and Elizabeth Ann Hawkins, both deceased. Their chain of title is accurately given in the written reasons for judgment handed down by our learned brother of the district court, from which we quote the following:

"That on December 26, 1843, John Dawson secured certificate No. 4115 from the United States Land office at Opelousas, La., for lot 1 of section 6, and lots 1 and 2, section 5, town-

ship 15 south, range 11 east, on Cypress Island.

"That this land was sold by John Dawson on August 2, 1834, by authentic act to H. Crawford and M. Demeret, in indivision or an undivided half to each vendee. That Henderson Crawford sold this land to Martin Demeret by authentic act on April 8, 1844. That Martin Demeret died intestate, October 7, 1845, leaving his widow, Mrs. Anne Crow Demeret, and two children, Felix Martin Demeret and Elizabeth Anne Demeret, wife of Joseph T. Hawkins. That on March 6, 1849, an authentic act of partition in kind was made and executed between Mrs. Anne Crow Demeret, widow of Martin Demeret, Felix Martin Demeret, and Mrs. Elizabeth Anne Demeret, wife of Joseph T. Hawkins, in which Felix Martin Demeret sold his interest inherited from his father (Martin Demeret) to Joseph T. Hawkins by act dated March 6, 1849. That Mrs. Anne Crow Demeret, widow of said Martin Demeret, sold by authentic act her undivided half in this land to Joseph T. Hawkins on June 8, 1850. That Joseph T. Hawkins died, intestate, on the 20th day of June, 1867. That Elizabeth Anne Demeret, widow of Joseph T. Hawkins, they having been married on December 28, 1843, renounced all her interest in the community theretofore existing between her and her said deceased husband by authentic act dated March 21, 1868, thus causing her interest in the community property to revert to and belong to the succession of her husband (Joseph T. Hawkins).

"That the sheriff of the parish of St. Mary pursuant to an order of court, rendered in the succession of Joseph T. Hawkins, deceased, sold to Thomas J. Foster, at public auction, the undivided three-fourths interest in this land on Cypress Island, as per certificate No. 4115 on January 23, 1868. That Thomas J. Foster sold by authentic act the undivided three-fourths interest in this land to Mrs. Elizabeth Anne Hawkins, widow of Joseph T. Hawkins, dated July 17, 1872. That Mrs. Elizabeth Anne Hawkins, widow of Joseph T. Hawkins, died on September 14, 1890, leaving a last will and testament, leaving as her heirs the following children, issue of her marriage with Joseph T. Hawkins: Mrs. Mary Hawkins, wife of Robert R. Cocke, Henry Hawkins, Edward P. Hawkins, the other son Martin Demeret Hawkins having died September 4, 1873, leaving surviving him one child, issue of his marriage with Isabelle Hereford Hawkins, to wit, Miss Katherine Demeret Hawkins, one of the petitioners herein. That Henry Hawkins, the son of Joseph T. Hawkins and Mrs. Elizabeth Anne Hawkins, died intestate on the 17th day of April, 1917, leaving as his survivors and heirs Carriebelle Patton, his widow, to whom he was married on March 30, 1878, and the following children, issue of his said marriage: Patton Hawkins, Mary Hawkins, wife of L. H. Baker, Mrs. Demeret Hawkins, wife of Wilfred W. Smith, and Margaret Hawkins, wife of Dr. Henry Thomason, who died on the 6th day of June, 1923, intestate and without issue, her succession not having been opened, she leaving as her heirs her mother, brother, and sisters. That Edward P. Hawkins, son of Joseph T. Hawkins and Elizabeth Anne Hawkins, died intestate in the year 1899, leaving as his survivors and heirs his widow, Mrs. Bessie L. Crawford, to whom he was married on the 3d day of October, 1888, and four children, issue of the marriage, to wit: Anne Hawkins, wife of Auscar A. King, Susie Hawkins, wife of G. F. Blazer, E. Preston Hawkins, and Henderson Crawford Hawkins.

"That on December 26, 1834, John D. Alston secured certificate No. 4114 from the United States Land Office at Opelousas, La.. for lots 3, 4, and 5 of section 5 and lots 2, 3, 4, and 5 of section 6, township 15 south, range 11 east, on Cypress Island. That this land was sold by John D. Alston on August 4, 1834, by authentic act to H. Crawford and M. Demeret, in indivision, or an undivided half to each vendee. That Henderson Crawford sold this land to M. Demeret by authentic act on April 8, 1844. That the title to this land was handed down to the heirs by the same links as hereinabove enumerated in the John Dawson entry."

The defendants claim under a title alleged to have been made by John T. Hawkins, represented by H. J. Walker by virtue of a special power of attorney or letter. No power of attorney was attached to the deed upon which defendants rely, nor to the balance of the property covered by the Dawson and Alston certificates numbered 4114, and 4115, from John Dawson and John D. Alston, represented by Henry J. Walker. In fact, the proof shows that these parties were dead on the date the pretended power of attorney was executed. Defendants therefore had no title translative of the property, and as they could not plead prescription against the government, and as plaintiffs have shown an indefeasible title to the property, the judgment from which the appeal was taken is correct, and it is therefore, affirmed, at appellants' cost.